## ROCKPORT v. WALDEN, Ex'R.

When a right of defence under the statute of limitations has become vested and perfect, any law which afterwards annuls or takes it away is retrospective and unconstitutional.

So much of chapter 7 of the laws of 1872, as attempts to make the provisions of that statute apply to cases where the time for prosecuting claims had expired at the time of the passage of said act, is unconstitutional and void.

BILL IN EQUITY by the town of Rockport against Richard Walden, executor of William B. Russell.

The bill alleges that in the court of common pleas for this county, February term, 1849, the plaintiffs recovered judgment against the testator for $85.50 damages, and $4.95 costs of suit, which judgment remains unsatisfied; that an execution founded upon this judgment was issued March 20, 1849, but the testator so concealed his property that no levy of the execution could be made; that the testator died about the first of January, 1868, and the defendant is his executor; that the plaintiffs presented the execution to the defendant and demanded payment thereof, March 17, 1868, but the defendant, further concealing the property and effects of the testator, replied that he had nothing wherewith to satisfy the judgment.  The bill alleges that the plaintiffs, being unable to discover any assets of the testator, delayed the prosecution of their claim "for the said Walden, executor, to return an inventory of the estate of said Russell, or for him to settle his accounts of administering said estate," and afterwards, in the summer of 1872 (the defendant not having returned an inventory nor settled his accounts), the plaintiffs discovered that the said Russell in fact left assets more than enough to satisfy the plaintiffs' claim, and they there-

upon pointed out to the defendant a portion of said assets and again demanded payment of the execution. The prayer of the bill is, that the amount due the plaintiffs may be ascertained, and that a decree may be entered that the defendant shall pay the same "out of the assets which he has or should have had and should have applied to pay and discharge said judgment" and for general relief.

The defendant by his answer denies knowledge of the judgment, and whether it has been paid or not; denies knowledge or belief that Russell ever concealed his property, or that by reason of any such concealment the plaintiffs' execution could not have been levied; and alleges that all the property Russell had, if he had any, was open and visible, and might have been taken in execution.

The answer alleges that Russell died October 29, 1866, and the defendant was appointed executor of his will March 17, 1868; that no execution against the testator was ever presented to him, nor payment thereof demanded. The defendant also says that he has never received any assets of said Russell, nor known nor been informed of the existence of any; that none were ever pointed out to him by the plaintiffs or their agents, and that no such demand was made upon him as the plaintiffs have declared; and that he never had any assets of the said Russell in his possession or control, nor any knowledge of any. He relies upon the statutes of limitation as a bar to the plaintiffs' claim, and by way of demurrer insists that the plaintiffs have a plain and adequate remedy at law.

This cause having been tried by the court, I find an existing debt of the nature described by the plaintiffs to be due from the testator to them; that a demand for the payment thereof was made by the plaintiffs upon the testator within twenty years after the date of said judgment; and that a demand upon presentation of the execution was duly made upon the defendant or executor, as alleged by the plaintiffs. I find that at his decease the testator was the owner of an interest in real estate located in Portsmouth, which was conveyed to him and his brother Sampson L. Russell by deed duly recorded, and which he devised by his last will. The deeds of this real estate being duly recorded, the said property was not concealed. The deeds were two in number, and were recorded April 19, 1856. They are deeds of warranty. There was no evidence of any incumbrance upon the property thus conveyed. I find, however, that the defendant was informed, had good reason to believe, and did believe, that the property thus standing upon the record in the name of the testator was not in fact his, but that the exhibition of it was intended to enable the testator to obtain a credit for the purposes of the business in which he was engaged. There was no evidence before me that this property was pointed out or designated by the agent of the plaintiffs when his demand was made upon the defendant. The bill, which was filed January 4, 1873, was not filed within three years after the grant of administration to the defendant as executor of said Russell; but I find that the plaintiffs are "not chargeable with culpable neglect" in not bringing this suit within the time limited by law.

My conclusions of law are : (1) The plaintiffs have not an adequate remedy at law. (2) Section 2, chapter 7, of the Laws of 1872, is applicable to this case. (3) This court has no power to grant the plaintiffs' prayer for a decree that the defendant shall pay this claim, nor can it order a sale of or levy upon the estate of the testator. (4) This court may order a judgment for the amount of the plaintiffs' claim against the estate of the testator.

Such judgment was ordered, and the clerk was appointed a master to ascertain the amount of the plaintiffs' claim.

And, therefore, the defendant having filed the following exceptions, it was ordered that the decree for judgment be suspended, and the case adjourned into the next law term for determination by the whole court.

### EXCEPTIONS.

The defendant now excepts to the finding of the court and to the entry of any decree in favor of the plaintiffs, because,—

1. Upon all the facts proved at the hearing and found by the court, the plaintiffs fail to make it appear that their delay to prosecute their claim did not result from their own culpable negligence,—and, on the contrary, it did distinctly appear that no concealment was practised by the defendant or his testator; that all the information which the plaintiffs now have respecting the property or assets of the testator was upon the public records of the county, and was there and otherwise easily accessible to the plaintiffs at all times since the date of their judgment, and the same was actually in possession of the attorney who made the demand upon the defendant in May, 1868 ; and that the said delay did actually result from the culpable negligence of the plaintiffs, detrimental to the defendant.

2. At the time of the filing of this bill, and before the passage of the act of July 4, 1872, more than twenty years had expired since the recovery of the plaintiffs' judgment named in their bill (Gen Stats., ch. 179), and more than two years after the original grant of administration to the defendant (Gen. Stats., ch. 201, sec. 4), and no suit in behalf of the plaintiffs was commenced against this defendant within three years after the original grant of administration to him (Gen. Stats., ch. 179, sec. 5) ; and because the rights of the present holders of the property named in the bill had vested long before the filing of said bill, or the passage of the act of July 4, 1872.

3. The plaintiffs' bill does not set forth all the facts necessary to entitle them to any decree.

*Hatch*, for the defendant.

I. Upon the facts stated by the court the plaintiffs are chargeable with culpable neglect, within the meaning of the act of July 4, 1872, Laws, ch. 7, sec. 2, p. 18. The will of Russell was proved March 17, 1868 ; the plaintiffs presented their execution and demanded payment the same day, but they took no further action, did not examine the

probate records or the registry of deeds, and did not commence any suit until January 4, 1873, being about five years after administration was granted to the defendant. No excuse for this delay is shown. If such neglect be not "culpable,"—*i. e.*, "blamable," faulty (Webster's Dic.),—it is difficult to conceive what neglect would deserve that epithet.

As all the facts proved are fully stated by the judge, and he has allowed an exception to his finding, it must be understood that the question whether the facts stated show culpable neglect is now fairly before the court. We insist that simple inexcused neglect is "culpable," and that it is for the plaintiffs to show affirmatively an excuse, which they have failed to do.

II. This suit was not commenced "within three years next after the original grant of administration. Gen. Stats., ch. 179, sec. 5. The judgment was then barred by the lapse of more than twenty years— Gen. Stats., ch. 202, sec. 4—and by the neglect of the plaintiffs to sue within three years after the original grant of administration. Gen. Stats., ch. 179, sec. 7. The plaintiffs cannot be relieved from this bar unless they bring themselves within the act of July 4, 1872. But their bill does not set forth facts sufficient to entitle them to any decree. The only ground of relief alleged, viz., concealment of property by Russell and the defendant, is expressly negatived by the finding of the court. The statute requires the plaintiffs in their bill to "set forth all the facts." They set forth no facts; and the allegation of concealment states no particulars, facts, or circumstances tending to excuse the neglect of the plaintiffs.

III. Before July 4, 1872, the date of the act under which the plaintiffs seek relief, the rights of the defendant, and of the heirs of Russell, and of all persons who have or claim title to the property described in the bill, had become vested by the expiration of the several periods of limitation above named. So far, therefore, as the act of July 4, 1872, is applicable to this case, it is retrospective and unconstitutional. Const. of N. H., Pt. 1, sec. 23; *Woart* v. *Winnick*, 3 N. H. 473; *Clark* v. *Clark*, 10 N. H. 386; *Howard* v. *Hildreth*, 18 N. H. 107; *Willard* v. *Harvey*, 24 N. H. 352.

*W. H. Hackett*, for the plaintiffs.

1. The first exception of the defendant applies to the facts found by the court. As I do not understand that this court will either review or retry the facts found by the court at the trial term, it is unnecessary to argue what is not before the court.

The statement of the defendant, that "All the facts found are fully stated by the judge," is incorrect, as the judge who tried the case will recollect. It was proved at the trial term that the defendant, as executor of W. B. Russell, had transferred bank stock, shares for which stood in R.'s name at his death, to an amount more than sufficient to pay this debt.

The defendant's charge against the finding of the court, that the

plaintiffs had been guilty of culpable negligence in not commencing their suit before the law gave them a remedy, would have been more graceful, if not more effective, if he had not, when the plaintiffs presented their claim, told them there were no assets, and if, instead of transferring bank stock standing in Russell's (deceased) name, he had returned it in an inventory of his testator's estate, or if he had settled an administration account.

The defendant's ground is, that a part of this property, though standing in the name of his testator, actually belonged to another party, and that it was put into Russell's name for the fraudulent purpose of enabling him to get a credit he otherwise could not have obtained; that it was Russell's property to enable him to contract debts, but not his for the purpose of paying them.

We do not claim, the act does not contemplate, that any *bona fide* purchaser of Russell's property without notice shall be disturbed; but the devisees, who are now enjoying the income of this property, which belonged to Russell's creditors, and which the act of 1872 was intended to give to them, took the estate charged with the trust and liability of paying the debt.

2. The second and third exceptions are in the nature of a demurrer, and come too late.

3. The only error committed at the trial term was, the denial of an order to carry into effect the judgment rendered.

It was the intention of the legislature by the act of 1872 to give full relief, and that is implied in the authority to order judgment.

The reason why the legislature did not specify the method was, that the final order to carry a judgment into effect is incident to the power to render judgment. It is not certain that the act which is so distasteful to the defendant does more or was intended to do more than to declare by law a remedy which preexisted in equity. 1 Story's Com. on Eq., sec. 546. The object of the statute was, to give a remedy in cases like this in equity, and there was no occasion that the *modus operandi* should have been detailed. These were already provided in equity; besides, this is one of those cases where a court of equity, being once in rightful possession of the case, will not send the parties to law, but will proceed to final decree upon the merits. It was the duty, and of course within the power, of the court in this case to have made the proper order for carrying this judgment into full effect, by making it available for collecting the amount due from the estate of the deceased.

I respectfully request the court to correct this error, and to order the full relief to which the plaintiffs are entitled. 1 Story Eq. Jur. 516.

SARGENT, C. J.    This bill is brought under the provisions of chapter 7, Laws of 1872, sections 2 and 3, which are as follows:

2. " Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the supreme judicial court by bill in equity setting

forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that said claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, they may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payments or compromises made before the commencement of such bill in equity."

3. "The provisions of this act shall apply to all claims, whether the time for prosecuting the same had or had not expired at the time of the passage of said act."

This act was approved July 4, 1872.

The following facts appeared or were found by the court: The plaintiffs recovered a judgment against the testator prior to March 20, 1849, so that execution issued on said day; a demand upon the same was made upon the testator in his lifetime, but not paid, and the execution was presented to the defendant as executor, and payment demanded of him immediately after his appointment as executor, who did not pay. Said Russell died October 27, 1866, and the defendant was appointed executor, March 17, 1868. A deed of certain real estate in Portsmouth was given to the testator, and recorded April 19, 1856. This land he held from that time to the time of his death, a period of 10½ years, openly and without any incumbrance, and he devised it in and by his last will; and the court find that he concealed nothing; and though the court find that the plaintiffs were informed and believed that the land thus appearing on the record as his was not in fact his, but belonged to somebody else, yet it does not appear that the testator ever made any such representations to the plaintiffs or anybody else; and we infer that he did not do so, by the finding that the said property was not concealed.

This bill was filed January 4, 1873, and the court, among other things, held that the provisions of chapter 7, section 2, of the laws of 1872, were applicable to this case, and that the plaintiffs were not chargeable with culpable neglect in not bringing this suit within the time limited by law.

Without stopping to inquire whether the finding of the court upon the facts is now open for discussion, and without inquiring whether the finding is sufficient without finding all the facts required by the act (section 2), let us examine this proposition and see whether chapter 7, sections 2 and 3, of the laws of 1872, are applicable to this case. They are in terms no doubt, for the law seems to have been made expressly to meet this identical case.

But can the case be met in that way? The admitted facts in the case are, that this defendant was appointed executor of the will of the deceased testator, March 17, 1868, and this bill was not brought till January 4, 1873, lacking less than three months of five years from the time of the granting of administration.

Chapter 179, section 5, of General Statutes, provides that "no suit shall be maintained against any administrator for any cause of action

against the deceased, unless the same is commenced within three years next after the original grant of administration," with certain exceptions which do not arise in this case. Now this term of three years, within which any suit by these plaintiffs against this defendant must be brought, and after the expiration of which no suit could be maintained against the administrator, had expired not only long before this suit was brought, but long before the law was passed which authorized this suit to be brought. The law was passed July 4, 1872 ; the three years from the time of the original grant of administration expired March 17, 1871 ; so that before this law was passed the plaintiffs' right of action was completely and forever barred. The defendant had this legal and perfect defence to any action the plaintiffs might ever bring upon this claim.

This right had become vested in the defendant. The administrator in such cases has no right or power to waive this plea, as it has been held that he may the general statute of limitations, when it had run against the claim before the death of the testator. It is very questionable, we think, whether that holding was not incorrect, and whether a wide door for fraud and collusion and the unjust preference of some creditors at the expense of others was not thus opened, which it will be well to close as soon as can properly be done. But in this case the statute creates a bar which none can waive. " No suit shall be maintained against any administrator unless," etc. This statute he cannot waive. He cannot prevent or avoid the effect of this statute, even by a new promise in writing, so as to affect the estate. *Hodgdon* v. *White*, 11 N. H. 208 ; *Amoskeag Co.* v. *Barnes*, 48 N. H. 25 ; *Hall* v. *Woodman*, 49 N. H. 295, 304.

This right of the defendant to be forever discharged from this claim or any suit upon it had become completely vested before this law was passed. Can a new statute, made after such right had become vested, take away or remove or avoid that right ? The twenty-third article of the bill of rights was intended to prohibit the making of any law prescribing new rules for the decision of existing causes, so as to change the ground of the action or the nature of the defence. In *Woart* v. *Winnick*, 3 N. H. 481, RICHARDSON, C. J., and in *Clark* v. *Clark*, 10 N. H. 380, 386, PARKER, C. J., it is settled that a law will be equally retrospective in its operation if it affect an existing cause of action or an existing right of defence, by taking away or abrogating a perfect existing right, although no suit or legal proceeding then exists.

And it is held that, if a right of defence has not become vested by the lapse of the full time required for the limitation of the action, the law may be repealed ; for though the right would soon be vested if the law was not repealed, yet that if, when it is repealed, it has not become vested, the repeal would not be unconstitutional ; but when such right under the statute of limitations has become vested and perfect, any law which afterwards annuls or takes it away is retrospective.

That is precisely this case ;—and in *Rich* v. *Flanders*, 39 N. H. 304, it is held that a statute changing the rules of evidence or of practice

is ordinarily to be classed with those affecting the remedy, and not unconstitutional unless they destroy vested rights; yet, if a statute which in form affects the remedy, or the rules of evidence or of practice only, practically and in fact divests vested rights, it is unconstitutional and void. This is clearly the effect of this statute, so far as it was attempted to make it apply to actions upon claims where the time for prosecuting the same had expired before the time of the passage of said act.

When the right of the defendant had become vested by the lapse of time, it is immaterial whether the plaintiffs were chargeable with culpable neglect or not in suffering it to pass. See, also, on this point, *Merrill* v. *Shurburn*, 1 N. H. 213; *Roby* v. *West*, 4 N. H. 287; *Kennett's Petition*, 24 N. H. 139; *Willard* v. *Harvey*, 24 N. H. 351; *Adams* v. *Hackett*, 27 N. H. 294; *Gilman* v. *Cutts*, 23 N. H. 382; *Lakeman* v. *Moore*, 32 N. H. 413; *Towle* v. *Eastern Railroad*, 18 N. H. 547; *Howard* v. *Hildreth*, 18 N. H. 107; *Pickering* v. *Pickering*, 19 N. H. 389; *Little* v. *Gibson*, 391 N. H. 505; *Morgan* v. *Perry*, 51 N. H. 559; *Railroad Co.* v. *Elliot*, 52 N. H. 387.

Our conclusion is, that chapter 7, section 2, of the laws of 1872, is not applicable to this case for the reasons above stated, and that this statute is unconstitutional, so far as it was attempted to make it applicable to cases like this where the time of prosecution had expired before the law was passed. The order for a judgment in favor of the plaintiffs must be revoked, and

*The bill must be dismissed.*