Strafford,
No. 4426.

HARRY COSTORAS *v.* HAROLD B. NOEL.

Argued December 6, 1955.

Decided January 4, 1956.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the plaintiff.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

KENISON, C. J. Actions of tort for physical injuries to the person and the causes of such actions survive only to the extent specified by the statute. RSA 556:9; *Halle v. Cavanaugh*, 79 N. H. 418. The statute relating to pending actions formerly read as follows: "If such an action is pending at the time of the decease of one of the parties it shall abate and be forever barred, unless the administrator of the deceased party, if the deceased was plaintiff, shall appear and assume the prosecution of the action before the end of the second term after the decease of such party, or, if the deceased party was defendant, unless the plaintiff shall procure a *scire facias* to be issued to the administrator of the deceased party before the end of the second term after the original grant of administration upon his estate." R. L., c. 355, s. 10. This section was amended by Laws 1951, c. 88, which added the following: "Provided, that in the latter case, the administrator shall forthwith notify in writing the adverse party or his attorney of

record of such death and grant of administration, and such action shall not be barred until the end of the second term after the giving of such notice. Such notice shall be by registered mail, return receipt requested, and such administrator shall file an affidavit in the probate court, showing compliance with the provisions thereof, provided further however, that any justice of the superior court shall for good cause shown grant leave from any of the foregoing provisions as justice may require."

The question presented in this case is whether the phrase "any of the foregoing provisions" which appears in the last sentence refers only to that part of RSA 556:10 that was inserted by the 1951 amendment or to the whole section. It is the contention of the defendant that the quoted phrase in the proviso of the statute applies only to those cases where the defendant has deceased, and it is the contention of the plaintiff that it applies to the whole section (RSA 556:10) including cases involving the death of the plaintiff as well as the death of the defendant.

The legislative history of the 1951 amendment sheds little light on the legislative intent, although it is clear that Senate Bill No. 40 as passed by the Senate allowed the Superior Court no discretionary authority and provision for it was inserted by the House of Representatives and subsequently concurred in by the Senate on motion of the sponsor of the bill. House Journal 1951, *pp.* 424-5; Senate Journal 1951, *pp.* 186-7. In the absence of any discretionary authority in the Presiding Justice, failure to comply with RSA 556:10 will cause the action to abate. *Dubois* v. *Pouliot,* 97 N. H. 78.

While there are numerous canons of statutory construction, the principal and overriding one is that the legislative intent of a section of a statute is to be determined from the language as a whole and not from any single word, phrase or proviso thereof. *State* v. *Wilton Railroad,* 89 N. H. 59, 61; 2 Sutherland, Statutory Construction (3rd *ed.*), *ss.* 4703, 4704. A word or phrase in a section of a statute cannot be considered in isolation from the rest of the section (*State* v. *Small,* 99 N. H. 349) and this principle is illustrated in the construction of RSA ch. 556 in the case of *Hall* v. *Brusseau,* 100 N. H. 87, decided this day.

The first sentence of RSA 556:10 leaves no discretionary authority in the Superior Court. *Cf. Anderson* v. *Yungkau,* 329 U. S. 482, 485. The second sentence by its very terms is applicable only in case of the defendant's death. The third sentence specifies the

type of notice that is required by the second sentence of the section and the last proviso in this sentence does not refer to any situation where the plaintiff dies but is limited to cases of the defendant's death. Phrased differently the discretionary authority given the Court to grant leave from "any of the foregoing provisions" is limited to those provisions that were inserted by the 1951 amendment, which, as previously stated, relates only to cases of the defendant's death. *Piper* v. *Railroad*, 75 N. H. 435, 442.

*Exception sustained.*

All concurred.