Hillsborough
No. 6473

ARCHIE MIHOY, ADMINISTRATOR
OF ESTATE OF MATILDA MIHOY

v.

DENIS PROULX

December 28, 1973

*Craig & Wenners (Mr. Vincent A. Wenners, Jr.* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Richard E. Galway, Jr. (Mr. Galway* orally) for the defendant.

GRIMES, J. This case reserves and transfers three questions dealing with (1) whether the comparative negligence statute allows a defendant tort-feasor to implead for purposes of proportioning damages a tort-feasor who has a covenant not

to sue with plaintiff under RSA 507:7-b (Supp. 1972); (2) whether the new wrongful death limitation of RSA 556:13 (Supp. 1972) applies to accidents occurring before the effective date of the new limitation when suit is brought after the effective date thereof; and (3) whether the consideration given for the covenant not to sue should reduce the verdict under RSA 507:7-c (Supp. 1972) by subtracting it from the statutory limitation or from a verdict that exceeds the statutory limitation.

This action arises out of a collision between cars operated by Howard Hamblett and Denis Proulx which occurred on August 30, 1969. The plaintiff, whose decedent was a passenger in the Proulx auto, sued both operators.

After a pretrial hearing, the Superior Court (*Keller*, C.J.) held the comparative negligence statute applicable to this case even though there was no claim that the plaintiff was negligent. Subsequently, the plaintiff gave Hamblett a covenant not to sue dated March 17, 1972. As a result the Trial Court (*Loughlin*, J.) prior to hearing reserved and transferred three questions.

The first question is "whether or not the provision of RSA 507:7-a (supp.) that: '*** provided that where recovery is allowed against more than one defendant, each such defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.' applies when a covenant not to sue is given, pursuant to RSA 507:7-b (supp.), to one of the tort-feasors originally sued." The question really is whether the statute allows Proulx to implead Hamblett so that the fact finder can apportion the damage liability according to the proportion of their causal negligence.

Proulx argues that although the covenant not to sue releases Hamblett's liability to plaintiff, the comparative negligence statute RSA 507:7-a (Supp. 1972) provides for proportional damage liability among defendants and thus changes the rule of joint and several liability of joint tort-feasors. He claims that in cases where a tort-feasor is not a defendant because of a covenant not to sue or otherwise, the defendants actually

sued may join the nonparty tort-feasor in order to have the fact finder determine the proportional liability of each actual and potential tort-feasor defendant, thereby exonerating the defendants actually sued from any of the proportional liability attributed to the nonparty tort-feasors. We disagree.

This court has long recognized the principle of joint and several liability for all tort-feasors whose negligence proximately caused a plaintiff's injury. *Carpenter v. Company,* 78 N.H. 118, 121, 97 A. 560, 561-62 (1916). The comparative negligence statute, RSA 507:7-a (Supp. 1972), changes this principle "where recovery is allowed against more than one *defendant*" (emphasis added) by apportioning liability for plaintiff's damages among the defendants according to their proportional negligence. The statute speaks only in terms of actual defendants and not in terms of other tort-feasors like Hamblett who are potential defendants, but will not be sued because of a covenant not to sue. The passage of RSA 507:7-b (Supp. 1972), effective August 29, 1971, after the enactment of the comparative negligence statute RSA 507:7-a (Supp. 1972), effective May 4, 1970, buttresses this interpretation. Section 7-b provides that consideration received for a covenant not to sue shall reduce the plaintiff's claims against other tort-feasors not by the proportion of the negligence of the covenantee but rather by "the amount of the consideration paid for" the covenant. RSA 507:7-b (Supp. 1972). We therefore hold that Proulx may not implead Hamblett as a codefendant for purposes of apportioning damage liability. *See* 2 Sutherland, Statutory Construction §5110 (3d rev. ed. Horack 1943); *Gagne v. Greenhouses,* 99 N.H. 292, 109 A.2d 840 (1954); Nixon, *The Actual "Legislative Intent" Behind New Hampshire's Comparative Negligence Statute,* 12 N.H.B.J. 17 (1969).

The second question reserved and transferred is whether the presently applicable wrongful death limitation of RSA 556:13 (Supp. 1972) of $120,000 applies retrospectively to this accident. The accident occurred when an older statutory limitation of $60,000 was in effect. Laws 1967, 344:1. The plaintiff claims the applicability of the new statute which was in effect on the date plaintiff filed suit. *See* RSA 556:13 (Supp. 1972). As a general rule statutes apply only prospectively

and thus the new limitation would not apply to this action. *Murphy v. Railroad,* 77 N.H. 573, 94 A. 967 (1915).

In this jurisdiction wrongful death actions were unknown at common law and any right of action surviving the decedent exists only to the extent allowed by statute. *Costoras v. Noel,* 100 N.H. 81, 119 A.2d 705 (1956); *Poisson v. Manchester,* 101 N.H. 72, 133 A.2d 503 (1957); *Tanner v. King,* 102 N.H. 401, 157 A.2d 643 (1960). Plaintiff argues that since a predecessor to the present statutory monetary limit specifically rejected any retrospective effect (Laws 1963, 98:2), the absence of such a provision in the present statute indicates that the statute was intended to have retrospective effect. The plaintiff's cause of action gave a right to recover up to $60,000 (Laws 1967, 344:1). To apply the increased limit after the date of the accident would clearly enlarge the defendant's liability retrospectively. In the absence of an express provision, we cannot conclude that the legislature intended retrospective application. N.H. CONST. pt. I, art. 23; *see Pepin v. Beaulieu,* 102 N.H. 84, 89, 151 A.2d 230, 235 (1959); *see* Annot., 98 A.L.R.2d 1105 (1964).

The last question reserved and transferred is whether the consideration for a covenant not to sue given after the enactment of RSA 507:7-b (Supp. 1972), effective August 29, 1971, should under RSA 507:7-c (Supp. 1972) be subtracted from the statutory death limitation of Laws 1967, 344:1 or from the verdict rendered by the jury.

RSA 507:7-c (Supp. 1972) states in part: "Upon the return of a verdict by the jury, the court shall inquire of the attorneys for the parties the amount of the consideration paid for any . . . covenant not to sue, and shall reduce the *verdict* by that amount." (Emphasis added.) We think this language comports with our prior holding that the amount of a covenant not to sue should be deducted from the jury's verdict irrespective of the verdict's relation to the wrongful death limitation. *Burke v. Burnham,* 97 N.H. 203, 84 A.2d 918 (1951).

*Remanded.*

All concurred.