Peter L. SIMONSEN et al.,
Plaintiffs, Appellees,

v.

BARLO PLASTICS CO., INC.,
Defendant, Appellee,

and

Public Service Company of New Hampshire, Defendant, Appellant.

No. 76–1268.

United States Court of Appeals,
First Circuit.

Argued Jan. 3, 1977.

Decided March 18, 1977.

Janina Stodolski, Concord, N. H., with whom Sulloway, Hollis, Godfrey & Soden, Concord, N. H., was on brief, for appellant.

Ernest T. Smith, III, Concord, N. H., with whom Garrett & Garrett, Tampa, Fla., and Upton, Sanders & Smith, Concord, N. H., were on brief, for appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

CAMPBELL, Circuit Judge.

This appeal is in a diversity tort action in which plaintiffs, Peter Simonsen and his wife, Mary Ann, residents of Florida, brought suit against Barlo Plastics Co. (Barlo), a New Hampshire corporation, and the Public Service Company of New Hampshire (PSCo). They sought damages for injuries sustained by Simonsen on the Hudson, New Hampshire premises of Barlo when the crane operated by a Barlo employee came into contact with a PSCo 20,-000 volt overhead electrical transmission line while off-loading Simonsen's truck. Simonsen's injuries consisted of a compression fracture of his spine and burns which required amputation of his right hand and removal of metatarsal bones in his right foot.

A jury found both defendants liable and Peter Simonsen free of contributory fault. Verdicts were returned in favor of Peter in the amount of $375,000 and in favor of Mary Ann in the amount of $25,000. Prior to the time the jury verdict was announced, Barlo settled with both plaintiffs for $225,-000. The court entered judgment for the plaintiffs holding each of the defendants liable in the amount of the jury verdict plus costs and interest.

PSCo appeals from this judgment alleging as error certain rulings made at trial and the trial court's interpretation of the New Hampshire comparative negligence statute.

We turn first to the evidentiary rulings. On the sixth day of the eight day trial, PSCo unsuccessfully sought to place before the jury a Florida statute providing for state vocational rehabilitation services. PSCo was denied permission by the court to call an expert, if one could be found, who would testify that Simonsen might have been able to take advantage of the state services to mitigate his alleged permanent disability. Neither the statute nor the possibility of such an expert witness had been mentioned by PSCo in the list of exhibits and witnesses filed in compliance with the pretrial order.

■ PSCo says that evidence concerning the Florida rehabilitation law would rebut testimony that Simonsen was unable to find vocational rehabilitation aid. Since plaintiff has a duty to attempt to mitigate damages, *see Chamberlain v. Palmer Lumber Co.*, 104 N.H. 221, 224, 183 A.2d 906, 908 (1962), this evidence would, it is argued, show that he had not acted reasonably. But we think the court's exclusionary rulings were a proper exercise of discretion.[1]

The evidence was of borderline relevance, and other evidence of a similar cast was received.[2] The Florida statute by itself could tell little about the actual opportunities available; and PSCo's failure to have designated an expert prior to trial, pursuant to the pretrial order, justified the court's ruling, more especially since PSCo could not, even at trial, identify its expert or make a meaningful offer of proof.[3]

■ PSCo argues that it should not be bound by the pretrial order as it was surprised by testimony of plaintiff's expert, Arthur Kenison, that Simonsen might be permanently unemployable. *See Texas & Pac. Ry. v. Buckles*, 232 F.2d 257, 260 (5th Cir.), *cert. denied*, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956). At the time the list of expert witnesses was filed, Simonsen is said to have been working on and off as a truck driver so that PSCo had no reason to anticipate any need for testimony about vocational rehabilitation. However, PSCo was informed over five months prior to trial that Kenison would be testifying as an expert and, through discovery, could have ascertained the substance of his testimony. *See* Fed.R.Civ.P. 26(b)(4)(A)(i). Moreover the complaint had alleged permanent disability. Clearly the court did not abuse its discretion in refusing to hold up the progress of the trial for the testimony of the unlisted and as yet unlocated expert.

The more difficult question on appeal is the effect of New Hampshire's comparative negligence statute on the liability of PSCo. NH RSA 507:7-a reads in relevant part as follows:

"Contributory negligence shall not bar recovery in an action by any plaintiff, or his legal representative, to recover dam-

---

1. We find no merit in PSCo's contention that the court's ruling somehow demonstrated a misunderstanding of the law regarding the mitigation of damages.

2. On cross-examination PSCo's counsel elicited from Mrs. Simonsen, over objection, that her husband had not called rehabilitation services listed in their hometown phonebook and that he had not discussed with her any services the state of Florida might have to offer.

3. A pretrial order "controls the subsequent course of the action," Fed.R.Civ.P. 16, "and the trial court is endowed with discretion to exclude non-conforming evidence." *Rodrigues v. Ripley Indus., Inc.*, 507 F.2d 782, 787 (1st Cir. 1974). *See Hoeppner Constr. Co. v. United States*, 287 F.2d 108, 112 (10th Cir. 1960).

ages for negligence resulting in death, personal injury, or property damage, if such negligence was not greater than the causal negligence of the defendant, but the damages awarded shall be diminished, by general verdict, in proportion to the amount of negligence attributed to the plaintiff; provided that where recovery is allowed against more than one defendant, each such defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed."

This statute has been interpreted by the Supreme Court of New Hampshire in a case close to this, *see Mihoy v. Proulx*, 113 N.H. 698, 313 A.2d 723 (1973). In *Mihoy*, an injured passenger sued both the driver of the car in which she was riding and the driver of another car which had collided with it. The superior court judge ruled prior to trial that even though there was no claim that plaintiff was negligent, NH RSA 507:7–a was applicable, *viz.*, that damages were to be apportioned between defendants in proportion to fault. Following this ruling, and before trial, plaintiff settled and entered into a covenant not to sue with one of the two defendants. The judge thereupon reserved and transferred to the supreme court the question whether the proportional liability provision would still apply to the remaining defendant. The supreme court stated that it construed the question to be whether NH RSA 507:7–a would allow the remaining defendant to implead the settling former defendant so that the factfinder could apportion the damage liability according to the proportion of their causal negligence. The court responded in the negative.

Stating "[t]his court has long recognized the principle of joint and several liability for all tortfeasors whose negligence proximately caused a plaintiff's injury", the court held that the statute apportioning liability between defendants altered this principle "only in terms of actual defend-

ants and not in terms of other tort-feasors . . . who are potential defendants, but will not be sued because of a covenant not to sue." *Id.* at 700, 313 A.2d at 724.

The court buttressed its interpretation by pointing to a related statute dealing with covenants not to sue, NH RSA 507:7–b. This section, the court declared, "provides that consideration received for a covenant not to sue shall reduce the plaintiff's claims against other tort-feasors not by the proportion of negligence of the covenantee but rather by 'the amount of the consideration paid for' the covenant." *Id.* at 700, 313 A.2d at 724.

■ It would appear from *Mihoy* that under the New Hampshire comparative negligence statute joint and several liability remains the law except where recovery is allowed against two or more actual defendants. Only then may damages be apportioned according to causal negligence.

This brings us to the challenged instruction. The district court gave the following instruction to the jury:

"Now, what I want you to do if, and this is only if, you have found both defendants liable and Peter Simonsen also contributorily negligent, but not to the extent of fifty-one per cent or more, is mark down on a separate piece of paper the percentage of negligence of each of the parties.

.    .    .    .    .

"Now, this apportionment does not apply if you find that Mr. Simonsen was not negligent in any degree. Then there is no apportionment between the defendants, and you return a verdict for the total damages as you find them to be against the defendants, period."

PSCo argues that, under *Mihoy*, apportionment would apply even if Simonsen was not found negligent; and we have to agree that the assumptions which underlay *Mihoy* support the view that the assessment of comparative fault as between *actual* defendants is in order even if the plaintiff is

not negligent.[4] However, even assuming the district court erred in stating otherwise, the error is academic since we think the Simonsen's settlement with Barlo prior to the announcement of the verdict removed Barlo as an actual defendant, leaving PSCo in exactly the same position as the remaining defendant in *Mihoy.*

PSCo contends that Barlo was an "actual" defendant for the purposes of the distinction drawn in *Mihoy.* In *Mihoy,* the covenant not to sue had been entered into at a preliminary stage, before the case went to trial. The present case, on the other hand, was tried against both defendants, was sent to the jury, and a verdict was rendered finding both negligent. Only at the eleventh hour, just before a verdict was announced, was the covenant not to sue agreed upon between plaintiff and Barlo. Had the jury been properly instructed, the actual verdict would have apportioned damages in proportion to fault. The question thus comes down to whether a settlement with a codefendant entered into just before announcement of the verdict operates to deprive the remaining defendant of the right to an apportionment of damages according to fault. We think the reasoning of *Mihoy* compels an affirmative answer, assuming the settlement was in good faith.

Under NH RSA 507:7–b, a covenant not to sue entered into in good faith reduces the claim against other tort-feasors only in the amount of the consideration paid. This provision, which the *Mihoy* court emphasized in deciding that case, makes no reference to timing of settlement. The only limiting factor mentioned in the statute is whether or not the settlement was entered into in good faith. Here the settlement with Barlo was for a very substantial sum, and there is no claim that the settling parties did not act at arm's length, or made their agreement after or in light of the verdict. Obviously our appraisal would be different had the settlement been made after verdict. A collusive settlement designed to shift the burden of damages would be presumptively in bad faith. But here there is no evidence of that. While formal papers were signed later, the agreement was concluded before verdict. Accordingly we see no reason to depart from the *Mihoy* rationale, under which the remaining defendant, here PSCo, is liable for the full recovery although of course entitled to full credit for the consideration paid for the covenant not to sue.[5] As in *Mihoy,* the settlement by one defendant results in a surrender of the benefits or burdens of the comparative negligence statute and a reinstatement of the remaining defendant's joint and several liability. It is true that arguably a jury might reach a different verdict if it knew that it was dealing with only one defendant; but in legal theory it should not do so, and we can see no reason to distinguish *Mihoy* on the basis of such speculation. It could just as truly be said that the jury, in rendering a verdict against a lone defendant, would never know what consideration the plaintiff had already received by way of settlement from absent parties. *See* NH RSA 507:7–c.

*Affirmed.*

---

4. Since the *Mihoy* court was never actually asked to decide the correctness of the superior court's ruling that the comparative negligence statute applied even though the plaintiff was free from negligence, our intimation that the instruction was erroneous is somewhat provisional. However, we perceive no particular reason for having the rights of defendants *inter sese* depend upon whether the plaintiff was contributorily negligent.

5. PSCo has raised no question concerning the form of the judgment, which does not take account of NH RSA 507:7–b. *See also* NH RSA 507:7–c. In affirming the judgment, we of course do not mean to endorse a double recovery. This is a matter which the parties and the court can straighten out among themselves if, indeed, there is any question as a practical matter.