Grover P. MACON et al., Plaintiffs,
Appellees,

v.

SEAWARD CONSTRUCTION COMPA-
NY, INC., Defendant, Appellant.

No. 76–1348.

United States Court of Appeals,
First Circuit.

May 3, 1977.

Argued by James C. Wheat, Manchester, N.H., with whom Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N.H., was on brief, for defendant, appellant.

Stanley M. Brown, Manchester, N.H., with whom Brown & Nixon Professional Association, Manchester, N.H., was on brief, for plaintiffs, appellees.

Before COFFIN, Chief Judge, MOORE * and ALDRICH, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from jury verdicts entered in a diversity jurisdiction automobile tort case. Plaintiff-husband, hereinafter plaintiff, was injured in a collision between his car and a truck driven by an employee of defendant. In his action for personal injuries the jury found him 30% negligent and the defendant 70% negligent. Plaintiff's wife was awarded full damages for loss of consortium. Defendant-appellant raises two principal contentions.

Defendant argues that the district court should not have instructed the jury on the last clear chance doctrine, since that principle was displaced by the enactment of New Hampshire's comparative negligence

* Of the Second Circuit, sitting by designation.

statute, N.H.R.S.A. 507:7–a (Supp.1975), that the instruction it did give misstated New Hampshire law on the doctrine, and that it was not warranted by the evidence. As relevant to this point, there was evidence from which the jury could have concluded that defendant's driver, upon seeing plaintiff's car begin to skid on the snow-covered road, applied his brakes, then concluded that plaintiff had regained control of his car and took his foot off the brake without having substantially reduced his speed, whereupon plaintiff began to skid again and the vehicles collided. Plaintiff correctly points out that the common law doctrine of last clear chance was an all or nothing matter, and that the district court gave no such instruction. Rather, the court indicated that in considering the negligence of the parties the jury might take into account whether,

> "even though [plaintiff] may have been negligent in getting himself into a skid, the defendant was also negligent because he knew or should have known that the plaintiff could not do anything about it and that the defendant had time to avoid the accident."

While the advent of comparative negligence may have set aside the strict last clear chance doctrine, it has uniformly been held that the components of the doctrine remain as proper factors for the jury to consider in apportioning fault. *Kaatz v. State*, Alaska 1975, 540 P.2d 1037, 1050 & n.32; *Li v. Yellow Cab Co.*, 1975, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226; *Britton v. Hoyt*, 1974, 63 Wis.2d 688, 218 N.W.2d 274, 277–78; *Cushman v. Perkins*, Me., 1968, 245 A.2d 846, 850–51. We have no criticism of the instruction given.

▇ We turn next to the question whether the wife's recovery for loss of consortium should have been reduced in proportion to the husband's degree of comparative negligence. It appears that the few jurisdictions which have considered this question have answered it in favor of reduction, *White v.*

Lunder, 1975, 66 Wis.2d 563, 225 N.W.2d 442; *Nelson v. Busby*, 1969, 246 Ark. 247, 437 S.W.2d 799, in keeping with the uniform course of decisions prior to comparative negligence, holding that the injured spouse's contributory negligence bars the other spouse from recovery for loss of consortium, *e.g., Ross v. Cuthbert*, 1964, 239 Or. 429, 397 P.2d 529; *Stenta v. Leblang*, 1969, 55 Del. 181, 185 A.2d 759; Restatement (Second) of Torts § 494 (1965). The New Hampshire court has not ruled on these questions, *see Leavitt v. Bacon*, 1938, 89 N.H. 383, 389, 200 A. 399, and there is reason to believe that it would not follow these decisions. The principal explanation for the majority rule is that the action for loss of consortium is "derivative" from the injured spouse's action for damages, *e.g., Nelson v. Busby*, ante. This view, which is as scorned by the commentators as it is accepted by the courts, *e.g.,* 2 Harper & James, The Law of Torts § 23.8 (1956); Prosser, The Law of Torts § 125, at 892–93 (4th ed. 1971), does not appear to be accepted by the New Hampshire court. *LaBonte v. National Gypsum Co.*, 1970, 110 N.H. 314, 319, 269 A.2d 634, 638. If the wife's consortium right is to be viewed as "a separate and distinct right from that of her husband", *LaBonte*, ante, it is difficult to see why it should be treated differently from her right to recover in full from a negligent third party for property damage to her automobile driven by her contributorily negligent husband, *Glidden v. Butler*, 1972, 112 N.H. 68, 288 A.2d 695.* Nor do we believe that the New Hampshire comparative negligence statute can be regarded as ensuring a defendant that he will never be required to pay a greater proportion of damages than his percentage of comparative fault. *See Simonsen v. Barlo Plastics Co.*, 1 Cir., 1977, 551 F.2d 469; *Mihoy v. Proulx*, 1973, 113 N.H. 698, 313 A.2d 723. Rather, the statute provides only that a plaintiff's recovery is to be reduced by his

---

* The district court's charge, however, did not seem fully to have accepted this view, because it instructed the jury that if the husband's negligence was greater than 50% (in accordance with the comparative negligence formula), the wife could not recover. The propriety of this ruling is not before us.

or her own degree of fault, and in the instant case the wife was not at fault.

We do not reach this result with positive assurance. However, defendant did not request certification to the New Hampshire court, and we do not have such total doubt as to do so on our own.

█ Finally, defendant objects to the court's charge concerning an ICC regulation requiring truckers to use extreme caution when hazardous conditions exist, in particular, to the court's reference to this as "a mandatory statute." While we are not quite sure what the court meant by this, having always thought it was in the nature of statutes to be "mandatory," there is no warrant whatever for defendant's contention that the court's instruction conveyed the impression that "the regulation imposed some sort of absolute liability."

*Affirmed.*