**Richard STACEY, Jr., Plaintiff,**

v.

**BANGOR PUNTA CORP., et al., Defendants,**

v.

**Robert WAITT, Third-Party Defendant.**

**Civ. No. 83–0276 P.**

United States District Court,
D. Maine.

Oct. 25, 1985.

---

Michael Latti, William J. Griset, Jr., Latti Associates, Boston, Mass., Thomas F. Shortill, John M. Shortill, Sandford, Me., for plaintiff.

M. Roberts Hunt, Glenn H. Robinson, Portland, Me., for defendants.

Thomas R. McNaboe, John Bass, II, Portland, Me., for third-party defendant Robert Waitt.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO SUPPRESS DEFENDANTS' EXPERT TESTIMONY

GENE CARTER, District Judge.

Before the Court is Plaintiff's Motion to Suppress Defendants' Expert Testimony, filed on October 18, 1985. By the motion the Plaintiff seeks a pretrial order limiting Defendants' expert testimony to that of Messrs. Sefried, Baker and Fossett and confining any testimony given by them to the contents of their reports delivered to Plaintiff's counsel on October 9, 1985. As reasons for the relief sought, the Plaintiff asserts that Defendants did not answer "expert interrogatories" previously served by Plaintiff on Defendants until September 28, 1985, when Defendants' counsel identified by letter Messrs. Sefreid, Baker, Fossett and Bosowicz as expert witnesses at trial. Plaintiff asserts that he received no further answers to the interrogatories until October 9, when Defendants' counsel provided copies of expert reports of Messrs. Sefried, Baker and Fossett.

The Court's review of the file discloses that Plaintiff served only a single interrogatory herein, specifically seeking identification of Defendants' expert witnesses *at trial* and a description of their testimony.[1] That interrogatory was one of a set of sixty-six interrogatories dated July 29,

---

1. The interrogatory reads as follows:
State the name, business and residence addresses, telephone numbers, employer's names and addresses of each person who you anticipate using in the defense of this case and the subject upon which each person will be testifying.

1983, filed with the Court on September 18, *1983.* Defendants' response to the entire set of interrogatories, with answers and objections thereto, was filed with the Court on December 1, 1983. The answer to interrogatory number 50 reads: "The Defendant has not determined what expert witnesses it will call at trial. Once such a determination has been made, Defendant will supply the information required pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure." Defendants' Answers to Plaintiff's Interrogatories, at 27. Plaintiff made no further effort on the record to obtain supplementation of this answer until the time of the Final Pretrial Conference on September 24, 1985. At the conference, Plaintiff's counsel pointed out that Defendants had not supplemented the answer to interrogatory number 50 and requested the Court to order the production of *reports* of all Defendants' expert witnesses to be called at trial. The Court granted that request in the following language:

> (e) *Production of Copies of All Reports of Defendant Bangor Punta's Expert Witnesses*—Plaintiff requested that defense counsel produce copies of all reports of expert witnesses to be called at trial by Defendant Bangor Punta. Defense counsel agreed to produce such reports within two (2) weeks of the conference. The Court *SO ORDERED.*

2. The Court's Order read as follows:
(a) That defense counsel provide to all other counsel in the case, on or before September 30, 1985, a copy of Dr. Haber's expert report setting forth the conclusions to which he will testify at trial and all bases for each of them;
(b) That Plaintiff's counsel produce to defense counsel, on or before September 23, 1985, the educational records required to be produced by the Order on Defendant's Motion to Compel, filed on September 17, 1985.
(c) The defense counsel advise Plaintiff's counsel, on or before October 1, 1985, whether Defendant will call Dr. Haber at trial as an expert witness;
(d) Plaintiff may add an additional expert witness in the field of vocational rehabilitation if Plaintiff's counsel wishes to do so. In the event that Plaintiff's counsel shall decide to call such additional expert, it shall forth-

Report of Final Pretrial Conference and Order, filed on September 25, 1985, at 4, ¶ 2(e). Defendants apparently timely complied with the Court's order by producing the reports of Messrs. Sefried, Baker and Fossett. At the prior conference of the Court and counsel on September 18, 1985, the Court had granted Defendants' motion to add as an expert witness Dr. Philip Haber. Report of Conference and Procedural Order, filed on September 19, 1985 at 4–5, ¶ 3(a)–(d).[2] Defendants have asserted, and it is not denied, that they have provided Dr. Haber's report in compliance with the Court's order as amended.

■ Clearly on this record, and the Plaintiff does not dispute it, the Defendants are entitled to call Messrs. Sefried, Baker and Fossett as expert witnesses at trial. Defendants assert only a right to call Dr. Haber as well. They are plainly entitled to do so, having complied with the Court's order of September 19, 1985, as amended, in respect to his testimony.

However, Plaintiff seeks an order which would, in advance of trial, preclude Defendants from calling any other expert witnesses at trial. The issue of the Defendants' entitlement to do so is not presently generated and will not be generated unless and until Defendants attempt to call expert witnesses other than those above referred to at trial. For that reason alone the relief is prematurely sought at this point in time and the motion would properly be denied.

with advise opposing counsel of that fact and in no event later than October 7, 1985, and shall produce to opposing counsel a detailed report of said expert, setting out all opinions to which he will testify at trial and the factual and other bases of each such opinion.
All counsel indicated that there would be no need to depose these potential expert witnesses.
*Id.* That Order was subsequently amended without objection by Plaintiff by the Court's Report of Final Pretrial Conference and Order of September 25, 1985, and by the Court's Procedural Order Amending Final Pretrial Order, filed on October 17, 1985, to provide for the production of a copy of Dr. Haber's expert report on or before October 10, 1985, and a designation as to whether he would testify as an expert witness at trial on October 11, 1985.

More importantly, even if such an issue were generated, its resolution would require the application, in the exercise of the Court's discretion, of a complex of criteria that are intimately tied to factual questions of prejudice, surprise, the best means of alleviating prejudice, and the effect upon the progress of the trial of the allowance or disallowance of such testimony. *Meyers v. Pennypack Woods Home Ownership Assn.,* 559 F.2d 894, at 904 (3d Cir.1977); *see Simonsen v. Barlo Plastics Co., Inc.,* 551 F.2d 469 (1st Cir.1977); *Johnson v. Webster,* 775 F.2d 1, 6–9 (1st Cir.1985). Such issues are not capable of resolution generically or in a factual void. If such an issue is generated at trial, the Court must resolve it by the exercise of its discretion in the context of the facts as they exist at that time.

Finally, Plaintiff seeks a pretrial order limiting the testimony of Defendants' experts to the content of the reports provided by them. Such limitation would also be premature. Plaintiff relies, in seeking such an order, on two cases: *Mellon Bank N.A. v. Aetna Business Credit,* 500 F.Supp. 1312 (W.D.Pa.1980), and *Westric Battery Co. v. Standard Electric Co., Inc.,* 522 F.2d 986 (10th Cir.1975). Both cases are inapposite authority. In each of the cases the issue adjudicated was the *complete preclusion of the expert as a witness.* In each the decision to exclude the expert as a witness was based upon a failure to comply with a pretrial order requiring production of his reports in advance of trial. The cases are not authority for the proposition that the Court may, prior to trial, limit the testimony of an expert who may properly be called as a witness.

■ The scope of an expert witness' testimony at trial is not necessarily strictly limited to the content of his report provided in discovery. Plaintiff will be entitled to limit a defense expert's testimony at trial only if the Court is satisfied, on generation of such an issue at trial, that he is to (1) testify to data or opinions not disclosed in pretrial discovery about the content of his testimony; (2) which should have been disclosed; (3) the production of which surprises the plaintiff; and (4) causes unfair prejudice to the plaintiff; which (5) could not have been reasonably anticipated by Plaintiff; or (6) cannot be alleviated otherwise than by exclusion of the testimony.

■ The relief sought by the Plaintiff would reduce the trial participation of expert witnesses to the mechanical process of reading aloud their pretrial reports into evidence. Such a result is clearly not consonant with the objectives of a fair trial process whose goal is the determination of the truth or with the purposes of avoidance of surprise and unfair prejudice by permitted discovery. *See Johnson, supra.*

Accordingly, Plaintiff's motion is *DENIED.*

So *ORDERED.*