Hillsborough, }
May 5, 1903. }

POFF, *Adm'x, v.* NEW ENGLAND TELEPHONE AND TELEGRAPH CO.

The statutory provision, that an action by an administrator to recover for personal injuries to his decedent must be brought "within two years after the death of the deceased party," is a condition of the right to maintain the suit.

In such action it is incumbent upon the plaintiff to show a compliance with the condition; the defendant is not required to plead the limitation.

CASE, for personal injuries to the plaintiff's intestate, alleged to have been caused by the defendants' negligence. Plea, the general issue. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1902, of the superior court by *Stone,* J.

The injury complained of was received February 31, 1895, and resulted in the death of the intestate on the same day. The writ was dated February 2, 1901. The defendants' motion for a nonsuit was denied, subject to exception.

*Wason & Moran, Bertis A. Pease,* and *Burns & Burns,* for the plaintiff.

*Joseph W. Fellows, Brown, Jones & Warren,* and *John Lowell* (of Massachusetts), for the defendants.

WALKER, J. In the absence of statutory authority, the action cannot be maintained. At common law an action for a personal tort resulting in death does not survive. This "rule has been too long established and too generally recognized as a settled principle of the common law to be now shaken by anything short of a legislative act." *Wyatt* v. *Williams,* 43 N. H. 102, 108; *Sawyer* v. *Railroad,* 58 N. H. 517; *Clark* v. *Manchester,* 62 N. H. 577, 582, 583; *Corliss* v. *Railroad,* 63 N. H. 404.

At the time of the last revision of the statutes, in 1891, the existing statutes relating to the survival of actions of tort for personal injuries were contained in Laws of 1885, chapter 11, and Laws of 1887, chapter 71 (*French* v. *Mascoma Co.,* 66 N. H. 90); and if they were sufficient to authorize an action like the present they are not now applicable, because sections 8–13, chapter 191, Public Statutes, were adopted in their stead, and were regarded by the commissioners as making material changes in the law as it then existed. See Commissioners' Report. Section 8 is as fol-

lows: "Actions of tort for physical injuries to the person— although inflicted by a person while committing a felony—and the causes of such actions shall survive to the extent, and subject to the limitations, set forth in the five following sections, and not otherwise." Section 9 relates to the survival of such an action pending at the decease of the party. Section 10 provides that, "if an action is not then pending and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards." If the cause of action in this case had occurred within two years before the date of the writ, no reason has been suggested why the suit would not have been maintainable under the statutes quoted. But as the accident complained of as the cause of the death of the plaintiff's intestate occurred nearly six years before this action was begun, the plaintiff's ground of complaint has long since ceased to exist.

The limitation of time in the statute relates not merely to the remedy, but to the right which the statute creates. The right granted an administrator to sue in such a case is not an absolute right. It is not like the common-law right of making contracts. In the absence of the statute, it does not exist. Hence its scope and effect must be determined as questions of legislative intention. The plaintiff's right to maintain this suit is not greater than the legislature intended it should be. The language of the special provisions applicable leave no room to doubt that the right and the correlative liability thereby established were made conditional upon the bringing of the suit "at any time within two years after the death of the deceased party, and not afterwards." The cause of action is conditional. If the condition is not observed, the parties stand with respect to the wrongful act as though the statute had not been enacted. "It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all." *Hill* v. *Supervisors*, 119 N. Y. 344, 347.

In *The Harrisburg*, 119 U. S. 199, 214, it is said: "The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. . . . Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the

limitations of the remedy are, therefore, to be treated as limitations of the right." *Eastwood* v. *Kennedy*, 44 Md. 563; *Taylor* v. *Iron Co.*, 94 N. C. 525, 526; *O'Shields* v. *Railway*, 83 Ga. 621; *Pittsburg etc. R'y* v. *Hine*, 25 Ohio St. 629; *Hanna* v. *Railroad*, 32 Ind. 113, 114; *Rugland* v. *Anderson*, 30 Minn. 386; Wood Lim., *s.* 9.

As the plaintiff failed in an essential respect to make out a case as defined by the statute, the defendant's motion for a nonsuit should have been granted. The burden was upon her to show that her action was begun within the time limited. Without such proof, the defendant's liability could not be claimed. Unlike the general statute of limitations, this special statute creating the right and giving the remedy does not merely confer a privilege upon the defendant to interpose a definite time limitation as a bar to the enforcement of a distinct and independent liability, but it defines and limits the existence of the right itself. In the one case the statute furnishes the defendant with a technical defence to which he may resort or not as he sees fit, while in the other it gives the plaintiff a right conditioned upon its enforcement within a definite time. Hence, while it has been generally held that the defendant must plead the general statute of limitations, or set it out in a brief statement under the general issue, in order to be protected by it (Wood Lim., *s.* 7), the reasoning that leads to that result, as a matter of pleading, has no application when, as in this case, the statute confers upon the plaintiff a peculiar right which if not exercised ceases to exist by its own limitation. *Bomar* v. *Hayler*, 7 Lea 78; *Caldwell* v. *McFarland*, 11 Lea 463; Bus. Lim., *s.* 375.

*Exception sustained: verdict set aside.*

All concurred.