Strafford,
No. 4794.

HERBERT TANNER *v.* SAMUEL J. KING.

Argued December 2, 1959.

Decided January 27, 1960.

*Shaines & Brown* (*Mr. Brown* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Arthur W. Mudge II* (*Mr. Mudge* orally), for the defendant.

LAMPRON, J. RSA 556:19 provides that "Any person interested in the estate of a person deceased may begin an action as administrator, which shall not be abated nor the attachment lost because such person is not administrator, nor by his decease, if the administrator then or afterward appointed shall, at the first or second term of the court, indorse the writ and prosecute it as plaintiff."

The question to be decided is whether the plaintiff who began this action for wrongful death as a "person interested in the estate" can prosecute it to a conclusion in that capacity or must it be prosecuted by an administrator who is to endorse the writ "at the first or second term of the court."

An action for wrongful death was unknown to the common law. *Burke* v. *Burnham,* 97 N. H. 203, 205. Therefore any such right of action which survived the deceased did so solely by virtue of RSA ch. 556 and only to the extent therein specified. *Costoras* v. *Noel,* 101 N. H. 71.

By its terms said section 19 provides that "Any person interested . . . *may begin* an action as administrator, which shall not be abated . . . because such person is not administrator, nor by his decease, if *the administrator* . . . shall . . . indorse the writ and *prosecute it* as plaintiff." (Emphasis supplied). In our opinion the clear import of this language is that the Legislature in the interest of expediency wanted to allow any interested person to initiate such an action provided it be prosecuted thereafter by an administrator. *Merrill* v. *Woodbury*, 61 N. H. 504.

This interpretation is consonant with the provisions of RSA 556:14 requiring that the damages recovered in such an action, less certain specified expenses including "the expenses of administration . . . all of which shall be approved by the probate court" are to be distributed to certain specified beneficiaries. This is a strong indication that the Legislature intended that actions to recover damages for wrongful death were to be handled by an administrator accountable to the probate court. This interpretation also insures an orderly procedure in the prosecution of the action and a supervised payment of claims and distribution of the proceeds by placing these matters in the hands of the court-appointed fiduciary.

Being an action for wrongful death, it survived only by virtue of and to the extent specified by RSA ch. 556. *Schindler* v. *Trust Co.*, 99 N. H. 284. It was begun by the husband as a "person interested in the estate" under authority of section 19 thereof. However no administrator of the estate "at the first or second term of the court indorse[d] the writ and prosecute[d] it as plaintiff" as required thereby. "Without the statute the suit could not have been brought as it was; and no person, legally representing the deceased, appeared within the time fixed by the statute . . . there is no plaintiff in court, and the action cannot be maintained." *Merrill* v. *Woodbury*, 61 N. H. 504, 505.

*Remanded.*

All concurred.