Coos
No. 79-335

CLAIRE HEBERT, ADMINISTRATRIX
OF THE ESTATE OF MICHAEL HEBERT & a.

v.

DANIEL HEBERT, d/b/a COLEBROOK COUNTRY CLUB & a.

May 12, 1980

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*David J. KillKelley* orally), for the plaintiff.

*Ransmeier & Spellman,* of Concord (*Lawrence S. Smith* orally), for the defendant Balsams Hotel Corp.

*Devine, Millimet, Stahl & Branch,* of Manchester (*John T. Broderick, Jr.,* orally), for the defendants Daniel Hebert, d/b/a Colebrook Country Club, and Colebrook Country Club, Inc.

DOUGLAS, J. In January 1975, both Suzanne and Michael Hebert were fatally injured in an automobile accident. The plaintiff, as administratrix of the decedents' estates, brought these tort actions against the defendants pursuant to the survival statute, RSA 556:9–14. Because the plaintiff failed to commence these actions within the two-year period mandated by RSA 556:11, each of the defendants moved to dismiss. Following a hearing, the

Superior Court (*Wyman*, J.) granted the defendants' motions and reserved and transferred the plaintiff's exceptions to this court. We affirm.

The issue for review is whether the two-year statute of limitations in RSA 556:11 bars the plaintiff's actions. That there was no recovery for wrongful death was a familiar rule of the common law. *See Mihoy v. Proulx*, 113 N.H. 698, 701, 313 A.2d 723, 725 (1973). *See generally* 61 A.L.R.3d 906. Our legislature reversed this common law rule in 1887 by enacting a predecessor of RSA ch. 556, which provided for the survival of tort actions after a decedent's death and for recovery for wrongful death. RSA 556:12; *see Tanner v. King*, 102 N.H. 401, 157 A.2d 643 (1960).

■ Because the wrongful death action is a creature of statute without common law origins, it survives only to the extent and in the manner provided by the legislature. This principle has guided this court in various cases dealing with RSA ch. 556. For example, in *Tanner v. King, supra* at 403, 157 A.2d at 644, we held that only the administrator may maintain an action under the survival statute. In *Heath v. Cleveland*, 104 N.H. 451, 453, 189 A.2d 488, 490 (1963), we stated that "an action for physical injuries to the person is forever barred unless brought within two years of the date of death of a party whose death the statute permits it to survive."

■ In this case it is undisputed that the actions were commenced after the two-year statute of limitations in RSA 556:11 had expired. Nevertheless, the plaintiff asserts that the dismissal of the actions was improper because a common law remedy exists independent of the survival statute. In support of this proposition, the plaintiff cites *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222 (1972), a case in which the Supreme Judicial Court of Massachusetts created a common law right of action for wrongful death to enable an administratrix to maintain an action that was barred by the statute of limitations in the wrongful death statute. The *Gaudette* court was convinced that the prevalence of wrongful death statutes indicated that public policy favored such a cause of action and that the law in Massachusetts had evolved to the point where it could be held that recovery for wrongful death was of common law origin. *Id.* at 71, 284 N.E.2d at 229. We are not persuaded by this reasoning. Although the limitations imposed on the right of action in the survival statute may indeed cause hardships in some

cases, we are convinced that the General Court was aware of the common law rule that denied recovery for wrongful death and that it intended for RSA ch. 556 to be the only authority for any such action.

The plaintiff's second argument is constitutionally based. In essence, the plaintiff contends that to grant a decedent's representative only two years to institute an action on behalf of the estate while a surviving tort victim is allowed six years to bring suit against a tortfeasor amounts to a denial of equal protection of the laws.

■ RSA 556:11 does place a greater restriction on the administrator of an estate by requiring that all actions be prosecuted within two years of the decedent's death, while a surviving tort victim has six years under RSA 508:4 to bring suit against a defendant. In the present case, it is clear that the short time period provided in RSA 556:11 promotes the expeditious settlement of estates. *Burke v. Fireman's Fund Ins. Co.* (decided this date). This is a reasonable statutory objective forming a rational basis in this instance.

*Plaintiff's exceptions overruled.*

All concurred.