Coos
No. 80-075

## Margaret Lozier, Administratrix of the Estate of Leo Lozier

v.

## The Brown Company

February 23, 1981

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Walter L. Mitchell* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*John A. Lassey* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether RSA 556:11 or RSA 281:12 (Supp. 1979) bars the plaintiff's action. We hold that neither statute bars the action.

The plaintiff is the administratrix of the estate of her husband, Leo Lozier. On April 29, 1966, Lozier was injured during the course of his employment for the defendant corporation. From that date until his death on November 5, 1977, he received workmen's compensation benefits for this injury, and, because of RSA 281:12 (Supp. 1979), he could have no claim against this defendant. Alleging that her husband's death was the result of the injury, Mrs. Lozier brought a wrongful death action against the defendant on July 18, 1978. The defendant filed a motion to dismiss on the ground that the action was barred by RSA 556:11 and RSA 281:12, *as amended by* Laws 1978, 46:1 (effective June 27, 1978). The Superior Court (*Temple,* J.) transferred the case to this court without ruling.

RSA 556:11 provides:

> "*New Action.* If an action is not then pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards."

The general statute of limitations for personal actions is six years. RSA 508:4 (Supp. 1979). Because the plaintiff filed her cause of action eleven years after the date of injury but within two years after the date of death, the parties dispute whether RSA 556:11

bars recovery. The question is whether the action had already become barred at the date of death. This is not a case in which the plaintiff failed to bring an action within two years of her husband's death. *See, e.g., Hebert v. Hebert,* 120 N.H. 369, 415 A.2d 679 (1980); *Heath v. Cleveland,* 104 N.H. 451, 189 A.2d 488 (1963).

██ A statute of limitations begins to run when the cause of action accrues. 2 S. SPEISER, RECOVERY FOR WRONGFUL DEATH § 11.9 (2d ed. 1975). To determine when the cause of action in this case accrued, we must first determine whether the New Hampshire statute, RSA 556:9 to :14, is a survival or a wrongful death statute. A survival statute merely allows the decedent's representative to maintain any actions that accrued to the decedent during his lifetime, while a wrongful death statute creates a new cause of action in someone other than the decedent for loss caused by the decedent's death. Franklin, *Wrongful Death and Survival Actions in New Hampshire,* 6 N.H.B.J. 305, 305–06 (1964). If RSA 556:9 to :14 is a survival statute, then the cause of action accrued in the case before us on the date of injury because the plaintiff's cause of action derives from that of the decedent. *See* SPEISER, *supra* at § 11.15. If, however, RSA 556:9 to :14 is a wrongful death statute, then the cause of action accrued on the date of death. *See id.* at § 11.10.

██ This court has never directly considered the question of whether New Hampshire's statute is a wrongful death or a survival statute. In some opinions we have assumed, without deciding, that it is a survival statute, *Hebert v. Hebert,* 120 N.H. at 370, 415 A.2d at 680 (1980); *Kelley v. Volkswagenwerk,* 110 N.H. 369, 370-71, 268 A.2d 837, 838 (1970), and in others we have assumed that it is a wrongful death statute, *Wallace v. Wallace,* 120 N.H. 675, 678, 421 A.2d 134, 136 (1980); *Poliquin v. MacDonald,* 101 N.H. 104, 104, 135 A.2d 249, 250 (1957). Although one commentator has argued that New Hampshire has a survival statute, Franklin *supra,* we conclude that our statute is not a pure statute of either type but is one that combines the elements of both. SPEISER, *supra* at § 14.3; F. TIFFANY, DEATH BY WRONGFUL ACT § 26 (2d ed. 1913); *Legislation,* 44 HARV. L. REV. 976, 981 (1931); *see Burke v. Burnham,* 97 N.H. 203, 208–09, 84 A.2d 918, 923 (1951). We come to this conclusion based, in part, on the fact that under RSA 556:12 "the damages include *both* the losses sustained by the deceased on account of the harm during his lifetime *and* the value at the time of death of what would have been the net earnings of the deceased less living expenses during the period of his life

expectancy." (Emphasis added.) *Burke v. Burnham, supra* at 209, 84 A.2d at 923, *quoting* RESTATEMENT OF TORTS § 925 (1939). This is characteristic of a combined wrongful death and survival statute. RESTATEMENT (SECOND) OF TORTS § 925, Comment b, Illustration 3 (1979).

■ In this case, Mrs. Lozier is bringing an action for the wrongful death of her husband. "A decedent's loss of life entitles his estate to recover for his loss of earning capacity . . . ." *Ham v. Interstate Bridge Authority*, 92 N.H. 268, 275, 30 A.2d 1, 6 (1943). Obviously, the plaintiff here had no such claim prior to the decedent's death. *Cf. Burke v. Burnham, supra* at 211, 84 A.2d at 925. We cannot construe the statute of limitations to extinguish a cause of action before it has accrued. *See* SPEISER, *supra* at § 11.10. RSA 556:11 limits only those claims that the decedent could have maintained during his lifetime; it applies to actions not already pending at the time of death and not already barred by the statute of limitations. Accordingly, we hold that it does not bar the plaintiff's cause of action for wrongful death. We note, however, that any claim for damages that the estate might have for the decedent's injury was already barred by RSA 556:11.

As noted above, the defendant argues that, if RSA 556:11 does not bar the plaintiff's action, then RSA 281:12 (Supp. 1979) does bar the action. In *Ransmeier v. Cody*, 117 N.H. 736, 738, 378 A.2d 752, 754 (1977), we held that the provisions of the workmen's compensation statute, RSA 281:12, did not bar a wrongful death action by the administrator of a deceased employee's estate. Subsequently, the legislature amended the statute to bar such actions, effective June 27, 1978. Although Lozier died in November 1977, the plaintiff did not bring her action until *after* the effective date of the amended statute. The issue, therefore, is whether the amendment forecloses her cause of action.

■■ The New Hampshire Constitution prohibits the retrospective application of laws. N.H. CONST. pt. I, art. 23. Statutes that apply to remedies do not come within this constitutional prohibition and may be applied retroactively. *Smith v. Sampson*, 114 N.H. 638, 641, 325 A.2d 796, 798 (1974). The legislature, however, cannot constitutionally enact laws that affect existing causes of action, regardless of whether suit upon that action has not been filed. *Martin v. Gardner Machine Works, Inc.*, 120 N.H. 433, 435, 415 A.2d 878, 880 (1980); *Clark v. Clark*, 10 N.H. 380, 386 (1839).

■ When Lozier died in November 1977, the plaintiff had a cause of action for his wrongful death. *Ransmeier v. Camp Cody,*

*Inc. supra.* The clear effect of the amendment to RSA 281:12 was to foreclose such actions entirely. For that reason, it cannot be applied retroactively to bar the plaintiff's wrongful death action even though she did not file suit until after the effective date of the amendment. N.H. CONST. pt. I, art. 23; *Clark v. Clark supra.*

The defendant's motion to dismiss should be denied.

*Remanded.*

All concurred.