Grafton
No. 82-199

## PAULINE HARRIS

v.

## BENJAMIN C. ADAMS, COMMISSIONER, & a.

March 24, 1983

*New Hampshire Legal Assistance (John E. Tobin, Jr.,* and *Michael A. Fuerst* on the brief, and *Mr. Tobin* orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Daniel J. Mullen,* attorney, on the brief and orally), for the State.

BATCHELDER, J. The question before us is whether the plaintiff's eligibility for unemployment benefits is to be determined by the law in effect at the time of her application for benefits, or whether a subsequent statutory change amending the eligibility requirement will apply to preclude the plaintiff's receiving unemployment compensation. We hold that the legislature did not intend the statutory amendment to apply retrospectively so as to deprive an individual of benefits she had already qualified for and received.

The plaintiff, Pauline Harris, was laid off from her job as a shirt presser at a laundry in Littleton on June 17, 1978. She later obtained employment as a laundrywoman at the Wayside Inn, and in October 1978, at the end of the summer tourist season, she was again laid off. During the winter of 1978–79, the plaintiff was unable to work because of illness. After recovering, she was unable to find work, and she applied for unemployment compensation in early August 1979. After reviewing her application, the New Hampshire Department of Employment Security (department) made a determination that she had satisfied the statutory minimum annual and quarterly earnings requirements then in effect. The law then in effect required an individual applying for unemployment

compensation to have earnings of $300 in each of two calendar quarters. *See* Laws 1977, 441:16 (formerly codified at RSA 282:2, B(1)). The plaintiff began receiving benefits on August 21, 1979, for the week ending August 18, 1979. On August 29, the department issued a determination that the plaintiff was ineligible for any further benefits because an amendment to the statutory annual earnings requirement, which became effective August 22, 1979, increased the quarterly earnings requirement to $600 in each of two calendar quarters of the base period, and the plaintiff did not meet this requirement. *See* Laws 1979, 348:4 (formerly codified at RSA 282:2, B(1)).

The plaintiff filed a petition for declaratory and injunctive relief in Grafton County Superior Court. A hearing was held before a Master (*Walter L. Murphy*, Esq.), who found that there was no indication that the legislature intended the new eligibility requirement to apply retrospectively to persons such as the plaintiff who had been receiving benefits prior to the effective date of the new law. The master's report was accepted by the Superior Court (*Johnson*, J.), and the State appealed.

The State first contends that the department's application of the statutory amendment effective August 22, 1979, was not retrospective. It claims that an individual collecting unemployment compensation must meet the statutory eligibility requirements (including the earnings requirements) every week in order to show that she is entitled to unemployment compensation for that week. We reject this argument.

In the instant case, the department's application of the August 22, 1979, amendment, which repealed the old earnings requirement and required higher earnings, extinguished the plaintiff's right to continued compensation after she had been found to meet the earnings requirement at the time of her application. Once the department determined that the plaintiff met the statutory annual earnings requirement, she was entitled to receive unemployment compensation each week so long as she continued to meet the other statutory requirements. Accordingly, the department's application of the new earnings requirement was a retrospective application. *See Amburn v. Daly*, 81 Wash. 2d 241, 249, 501 P.2d 178, 183 (1972).

The State next argues that even if the department's application of the amendment is found to be retrospective, such retrospective application is not unlawful because the plaintiff has no vested right in the continued receipt of unemployment compensation. *See* RSA 282-A:174 (Supp. 1981) (reservation of right to amend or repeal)

(formerly codified at RSA 282:18). The State's argument assumes that the legislature intended the amendment to apply retrospectively.

 The law presumes that statutes are intended to operate prospectively. *Shannon v. Foster*, 115 N.H. 699, 701, 349 A.2d 591, 593 (1975). "The presumption that a statute applies prospectively only is reversed when its purpose is remedial or a contrary intent is shown." *Pepin v. Beaulieu*, 102 N.H. 84, 89, 151 A.2d 230, 235 (1959). The amendment requiring increased earnings for eligibility is not a remedial statute. Nor has the State shown that the legislature intended this amendment to apply to those eligible under the old law and currently receiving unemployment compensation. We find it unnecessary to address the State's argument that the plaintiff has no vested right to unemployment compensation, because there was no legislative intent to apply the statute retrospectively. Accordingly, we find that the department erred when it applied the amendment retrospectively to the plaintiff.

In holding that the department applied the amendment retrospectively in this case and affirming the decision below, we do not decide whether eligibility for unemployment compensation is to be determined by the law at the time of the base period of employment or at the time of the application for benefits.

*Affirmed.*

All concurred.