Terry **THEBERGE**, et al.

v.

**TRANSPORTATION SYSTEMS**, et al.

No. C84–472, 473–L.

United States District Court,
D. New Hampshire.

Nov. 27, 1984.

Randolph J. Reis, Brown & Nixon Professional Assoc., Manchester, N.H., for plaintiffs.

Thomas N. Masland, Orr & Reno, Concord, N.H., for defendants.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

The defendants, Transportation Systems and Market Research, Ltd. and British Railways Board filed a motion to dismiss civil actions # 84–472 and 473–L based upon the lapse of the former New Hampshire Statute of Limitations for wrongful death actions. RSA 556:11 (1974).

The motion to dismiss is one of limited inquiry by this court. This court follows the accepted rule that "The complaint should not be dismissed unless it appears that appellant could 'prove no set of facts in support of his claim which would entitle him to relief' ". *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–1849, 23 L.Ed.2d 404 (1969), *reh. denied* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

The pending motion to dismiss turns on whether the revised Statute of Limitations for wrongful death in New Hampshire should be given retrospective effect. The cause of action accrued on December 15, 1980 after the deaths of Bonnie M. York and James E. York. Under the then existing two-year limitation, the suit was untimely' as of December 15, 1982. RSA 556:11 (1974). The limitation period was extended to six years, effective August 9, 1983. Suit was filed by the administrators of the estates of Bonnie York and James York on July 11, 1984. Filing of the suit was well after the lapse of the then extant two-year limitation but within six years of the deaths of both deceased parties.

In an action based upon diversity of citizenship, 28 U.S.C. § 1332, this court must apply the laws of the forum State of New Hampshire,

> [w]henever that law is *authoritatively* declared by a State, whether its voice be the legislature or its highest court … (emphasis added)

*Guaranty Trust Co. v. York,* 326 U.S. 99, 112, 65 S.Ct. 1464, 1471, 89 L.Ed. 2079 (1944). Part I, Article 23 of the New Hampshire Bill of Rights, New Hampshire Constitution applied and states:

Retrospective laws are highly injurious, oppressive and unjust. No such laws, therefore, should be made ... for the decision of civil causes ...

■ Laws may be applied in a retrospective manner if it affects the remedy only and is not highly injurious, oppressive or unjust. *Pepin v. Beaulieu*, 102 N.H. 84, 90, 151 A.2d 230 (1959).

An initial inquiry is whether the retrospective application of RSA 556:10 (1984) effect a "remedy" or a "vested rights". Generally, a statute which "... reduces or enlarges the time within which the action must be prosecuted is not within the prohibition of the Constitution as a retrospective law." *Willard v. Harvey*, 24 N.H. 344 (1852). However, if a vested right to be free of liability arises upon the tolling of a statute of limitation and then a revised limitation revives the cause of action, a prohibited retrospective law may result. *Willard v. Harvey, supra,* 24 N.H. at 351; *Rockport v. Walden*, 54 N.H. 167, 173 (1872); *Herbert v. Herbert*, 120 N.H. 369, 370, 415 A.2d 679 (1980).

The plaintiff cites some cases to support its claim that only a remedy is affected which is clearly distinguished because they refer to situations where the limitation was extended or shortened while an action was viable although not pending with a court of competent jurisdiction. *Paul Norton v. Ronald Patten*, 125 N.H. 413, 480 A.2d 190 (1984); *State v. Cedric Preston*, 119 N.H. 877, 409 A.2d 792 (1979); *Lozier v. Brown Company*, 121 N.H. 67, 70, 426 A.2d 29 (1981). In the case at bar, the action lapsed in 1982 which was before the effective date of the new statute of limitation in August, 1983. A valid expectation of freedom from liability could arise on the part of the defendant.

The plaintiff further claims that as a remedial statute, it is presumed to apply retroactively unless a contrary legislative intent is shown. In the present action, however, a vested right may exist and the authorities cited all refer to changes in statutes during pending litigation or while an action could still be brought, i.e., viable.

*Norton v. Patten, supra,* (unintended limitation caused by reduction of the "age of majority"); *In re Snow Estate*, 120 N.H. 590, 419 A.2d 1095 (1980) (pending probate claim); *Property Owners Association at Suissevalle, Inc. v. Sholley*, 111 N.H. 363, 284 A.2d 915 (1971) (service of process modification during pending action); *Pepin v. Beaulieu*, 102 N.H. 84, 151 A.2d 230 (1959) (rule on calculation of interest on damages modified during pending action). The legislative intent may not be presumed to favor retroactive application of the statute RSA 556:10 (1984) when a vested right is at issue.

■ In determining whether the defendant's right had vested, the federal court is bound by state law. The due process clause of the fourteenth amendment is not violated by a State's more rigid interpretation of restrictive clauses on retroactive statutes. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 312–13, 65 S.Ct. 1137, 1141–1142, 89 L.Ed. 1628 (1944). Thus this court declines to apply the rule that a right may not vest by the mere passage of time unless it effects a claim of possession of real or personal property, or unless the defendant proves reliance upon the tolling of the statute of limitations. *Chase Securities Corp. v. Donaldson, supra,* at 313, 65 S.Ct. at 1142.

The authoritative New Hampshire law employs the concept of vested rights in the analysis of statute of limitations issues. *Willard v. Harvey, supra; Rockport v. Walden, supra.* A right vests for a potential party upon the tolling of the statute of limitation. The legislature may intend a new limitation period to be retrospective in spite of any vested rights if the result is not highly injurious, oppressive or unjust. *Estate of Kennett v. State*, 115 N.H. 50, 55, 333 A.2d 452 (1975). A countervailing fundamental right may weigh against the assertion of a vested right *Norton v. Patten, supra, Opinion of the Justices*, 115 N.H. 553, 345 A.2d 412 (1975).

Without clear evidence to the contrary, the revision of RSA 556:11 is presumed to

apply prospectively. *Harris v. Adams*, 123 N.H. 167, 170, 459 A.2d 241 (1983).

The plaintiff argues that the deletion of the language, "and has not already become barred by the statute of limitations" from the revised statute, proves a retrospective effect was intended. The legislature is deemed to adopt judicial interpretations of a statute which is later revised *Dover Housing Board v. Colbath*, 106 N.H. 481, 213 A.2d 923 (1965). The court will not imply a legislative intent which is contrary to existing law on retroactive statutes without clear affirmatively stated words in the statute. The deletion may create an ambiguity.

■■■ Any ambiguity on the face of the statute may be resolved by the reports of the committees as an aid in construing the statute. *Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 122 N.H. 1038 (1982). The reports reveal that the sole purpose of the revision was to unify wrongful death limitation period with that of personal injury suits. New Hampshire House Judiciary Committee Minutes, Hearing on HB 671 (April 11, 1983); House Judiciary Committee, Executive Session on HB 671, (April 15, 1983); Senate Committee on Judiciary Hearing on HB 671, (May 3, 1983). The legislative history is silent on retrospective application. The comments do not indicate that the change was made to prevent an oppressive or unjust situation. Absent such a situation, a retrospective application of the law would violate the New Hampshire Constitution.

■■■ The court declines to apply an equitable based exception to the tolling of the limitation period. Wrongful death actions did not exist at common law; therefore, it survives "only to the extent and in the manner provided by the legislature". *Hebert v. Hebert*, 120 N.H. 369, 370, 415 A.2d 679 (1980). The statute of limitations is strictly applied based upon the interest of efficient administration of estates. *Guevin v. New Hampshire Catholic Charities, Inc.* 120 N.H. 501, 504, 418 A.2d 224 (1980); *Desmarais v. People's Gaslight Company*, 79 N.H. 195, 196, 107 A. 491 (1919); *Poff v. New England Telephone & Telegraph Co.*, 72 N.H. 164, 166, 55 A. 891 (1903).

Therefore, plaintiff's claim is time barred by the then applicable two-year statute of limitations. Defendants' motion to dismiss is granted for both actions.

So Ordered.