Rockingham
No. 84-319
No. 84-368
No. 84-376

NANCY GOULD, ADMINISTRATRIX OF THE ESTATE OF ERWIN F. GOULD

v.

CONCORD HOSPITAL & a.

April 18, 1985

*Winer, Pillsbury & Bennett*, of Nashua (*Peter W. Bennett* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*John E. Friberg* and *Greg G. Peters* on the brief, and *Theodore Wadleigh* orally), for the defendant Concord Hospital.

*Sulloway, Hollis & Soden*, of Concord (*Warren C. Nighswander* on the brief and orally), for the defendant Craig A. Campbell, M.D.

BATCHELDER, J. The issue before us is whether the superior court properly dismissed the plaintiff's wrongful death action against the defendants. We reverse and remand.

In considering a motion to dismiss, the plaintiff's allegations are regarded as true. *Aldrich v. Beauregard & Sons*, 105 N.H. 330, 331, 200 A.2d 14, 15 (1964). The plaintiff alleges the following. On November 25, 1980, the plaintiff's husband complained of severe chest pains and was taken to Concord Hospital. He was admitted to

the hospital at about 10:00 a.m. under the care of A. Craig Camp-
bell, M.D. At approximately 11:00 a.m. the plaintiff's husband was
discharged. That evening he suffered a myocardial infarction. He
was pronounced dead on arrival at the hospital.

Approximately three years after her husband's death, the plaintiff
filed a medical malpractice action, sounding in negligence and con-
tract, against Concord Hospital and Dr. Campbell. On the recom-
mendation of the Master (*Charles T. Gallagher*, Esq.), the Superior
Court (*Temple*, J.) held that the two-year limitations period in RSA
556:11 had run and dismissed the negligence and contract counts
against Dr. Campbell, and the negligence count and part of the con-
tract count against the hospital. The portion of the contract count
against the hospital that was not dismissed alleges that the hospital
breached an implied contract to adopt and to enforce appropriate
emergency procedures in its care of the decedent.

Both the hospital and the plaintiff contest the superior court's rul-
ing. The hospital argues that the count alleging breach of an
implied contract is, in substance, a tort claim and that it therefore is
barred by RSA 556:11. The plaintiff argues that RSA 556:11 (Supp.
1983), which provides a six-year limitations period, retrospectively
governs this case, and, alternatively, that application of the two-year
limitations period in RSA 556:11 denies the plaintiff equal protec-
tion of the law. We consider these arguments in turn.

Under RSA 556:11, an action in tort by or against a deceased
party is barred two years after the party's death, unless the action
was pending at the time of death. *Guerin v. N.H. Catholic Charities*,
120 N.H. 501, 505, 418 A.2d 224, 227 (1980). After the plaintiff's
claims had expired under this provision, RSA 556:11 was amended
to provide a six-year limitations period, RSA 556:11 (Supp. 1983).
An action in contract is not barred until six years after it accrues,
RSA 508:4, I, regardless of a party's death in the interim. RSA
556:15; *see Guerin supra*. The trial court's decision that the implied
contract count against the hospital is to be treated as a contract
claim, and not as a tort claim, thus allowed the plaintiff to proceed
with this claim, even though her other claims were held to be barred
under RSA 556:11.

"Whether an action is one in tort or in contract 'is not
determined by the form of [the] action but by its substance.'"
*Guerin*, 120 N.H. at 505, 418 A.2d at 227 (quoting *Lakeman v.
LaFrance*, 102 N.H. 300, 305, 156 A.2d 123, 127 (1959)). An agree-
ment by a physician to effect a cure in her care of a patient, "as
distinguished from a contract to furnish medical services generally
and according to appplicable standards," can support an action in

contract. *Cloutier v. Kasheta,* 105 N.H. 262, 265, 197 A.2d 627, 628–29 (1964).

In the instant case, the plaintiff does not allege that the parties agreed that the hospital would effect a cure or even that the hospital would employ a particular means of emergency care. Rather, the plaintiff alleges that the hospital agreed to render medical services to the decedent and that this agreement was breached by the hospital's failure to provide "appropriate" emergency care. We can imagine no circumstances under which appropriate care would not also constitute reasonable care. We thus interpret the count to allege that the hospital breached an obligation to exercise reasonable care in the adoption and execution of its emergency procedures. The count "alleges an action for treatment in an improper manner rather than one for breach of a contract to achieve a promised result." *Lakeman v. LaFrance,* 102 N.H. 300, 305, 156 A.2d 123, 127 (1959). Viewed in this light, the count substantively alleges a claim in tort, not contract. This count, as well as the other counts, thus is barred unless the two-year limitations period in RSA 556:11 does not apply.

The plaintiff argues that the six-year limitations period in RSA 556:11 (Supp. 1983) retrospectively governs the instant case. Our constitution prohibits retrospective laws. N.H. CONST. pt. I, art. 23. A law is retrospective if it impairs a vested legal right. *Lakeman v. Moore,* 32 N.H. 410, 412–13 (1855). A vested right "may relate to the grounds of the action, or the grounds of the defence, both of which seem to be equally protected by the constitution." *Woart v. Winnick,* 3 N.H. 473, 477 (1826). A right to assert the statute of limitations as a defense vests once the limitations period has run. *Rockport v. Walden,* 54 N.H. 167, 173–74 (1874). Since the limitations period had run against the plaintiff prior to the enactment of the amendment, application of the amendment would impair the defendants' vested right to assert the limitations defense and would thus operate as an unconstitutional retrospective law. Accordingly, we conclude that RSA 556:11 (Supp. 1983) does not operate retrospectively in the case before us. *See also Theberge v. Transportation Systems,* 611 F.Supp. 368, 370–71 (D.N.H. 1984).

The plaintiff next argues that application of RSA 556:11 violates principles of equal protection. "[T]he right to recover for personal injuries is . . . an important substantive right." *Carson v. Maurer,* 120 N.H. 925, 931–32, 424 A.2d 825, 830 (1980). Legislative classifications of that right " 'must be reasonable, not arbitrary, and

must rest upon some ground of difference having a fair and substantial relation to the object of the legislation' in order to satisfy State equal protection guarantees." *Id.* at 932, 424 A.2d at 830–31 (quoting *State v. Scoville,* 113 N.H. 161, 163, 304 A.2d 366, 369 (1973)) (citations omitted). Whether RSA 556:11 satisfies this standard "depends upon whether the restriction of private rights sought to be imposed is not so serious that it outweighs the benefits sought to be conferred upon the general public." *Id.* at 933, 424 A.2d at 831.

In *Hebert v. Hebert,* 120 N.H. 369, 415 A.2d 679 (1980), and *Burke v. Fireman's Fund Ins. Co.,* 120 N.H. 365, 415 A.2d 677 (1980), we considered equal protection challenges to RSA 556:11. At the time those cases were decided, the operative constitutional standard was the rational basis test, not the middle tier analysis of *Carson.* In both cases, we upheld the statute. *Hebert, supra* at 371, 415 A.2d at 681; *Burke, supra* at 368, 415 A.2d at 679. We reasoned, "the shorter time period provided in RSA 556:11 promotes the expeditious settlement of estates . . . . This is a reasonable statutory objective forming a rational basis in this instance." *Hebert,* 120 N.H. at 371, 415 A.2d at 681 (citations omitted).

■ The law of torts is premised on the policy that a person who unreasonably interferes with the interests of another should be liable for the resulting injury. *See* W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 1, at 6 (4th ed. 1971). Our constitution provides that all citizens have a right to the redress of their actionable injuries. N.H. CONST. pt. I, art. 14. These principles require that the substantive rights of plaintiffs to maintain actions in tort be accorded solicitous protection.

■ We now find that the State's interest in the prompt administration of estates is not sufficiently important to justify discrimination against plaintiffs in survival actions, relative to plaintiffs in other tort actions. By establishing a short limitations period for survival actions, the State facilitates more seasonable distribution of estates and thereby helps prevent overcrowding of the dockets of the probate courts. Although these are entirely reasonable goals, we find that the substantive rights of survival plaintiffs merit greater deference.

*Reversed.*

SOUTER, J., did not sit; the others concurred.