Request of the House of Representatives
No. 86-098

OPINION OF THE JUSTICES

May 1, 1986

The following resolution, adopted by the House of Representatives on March 4, 1986, was filed in this court on March 6, 1986:

"Whereas, HB 196, an act relative to judicial authorization for the conduct of sobriety checkpoints to detect, apprehend and deter impaired motorists, has been introduced and has been amended by the judiciary committee of the house of representatives and is now pending before the house of representatives for consideration; and

"Whereas, HB 196 as amended provides that a judicial warrant authorizing the conduct of a sobriety checkpoint shall be issued upon application to any justice of a district, municipal, or superior court upon a finding by such justice that the checkpoint is a reasonable means of detecting, apprehending, and deterring impaired motorists, and that the interest of the state in maintaining such a checkpoint outweighs the intrusion upon individual rights; and

"Whereas, the New Hampshire Supreme Court has found constitutionally defective, under Part I, Article 19 of the New Hampshire Constitution, a sobriety checkpoint program, on the basis that there

was no showing that no other, less intrusive, means exist to effectively combat drunk driving, *State v. Koppel*, 127 N.H. 286 (decided August 16, 1985); and

"Whereas, HB 196 as amended provides for independent review by a neutral and detached magistrate of a variety of both objective and subjective factors, upon which a determination as to the reasonableness and relative effectiveness of the sobriety checkpoint as a DWI enforcement tool is to be made; and

"Whereas, HB 196 as amended requires that a neutral and detached magistrate, prior to authorizing the implementation of a sobriety checkpoint, make an affirmative finding, in consideration of a number of objective and subjective factors addressed by this court and courts in other jurisdictions, that the intrusion upon individual rights of privacy is outweighed by the public interest in maintaining a sobriety checkpoint; and

"Whereas, HB 196 as amended incorporates a requirement for notice at least 7 days prior to implementation of a sobriety checkpoint; and

"Whereas, a question has arisen as to the constitutionality of HB 196 as amended in light of the court's opinion in *State v. Koppel*; now therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions of law:

"I. In view of the proposed system of independent review of a sobriety checkpoint program by a neutral and detached magistrate, who shall consider a series of objective and subjective factors related to reasonableness, relative effectiveness, and deterrence, does HB 196 as amended, violate Part I, Article 19 of the New Hampshire Constitution?

"II. In all respects other than those to which the preceding question relates, is HB 196 as amended, constitutional on its face?

"That the clerk of the house of representatives transmit copies of this resolution and copies of HB 196 and the proposed amendment to the justices of the New Hampshire Supreme Court."

The following answer was returned:

*To the House of Representatives:*

Pursuant to House Resolution 15, the New Hampshire House of

Representatives has requested an Opinion of the Justices on the constitutionality of House Bill 196, as amended, an act relative to judicial authorization for the conduct of sobriety checkpoints to detect, apprehend and deter impaired motorists, in light of this court's opinion in *State v. Koppel*, 127 N.H. 286, 499 A.2d 977 (1985). This court, by its notice of March 10, 1986, invited interested parties to submit memoranda on the issue of the constitutionality of House Bill 196.

House Bill 196, as amended, would insert, as RSA chapter 595-C, a provision by which law enforcement agencies could obtain prior judicial authorization to implement a sobriety checkpoint as a means of detecting and apprehending impaired drivers, and of deterring those who might otherwise drive while under the influence of intoxicating liquor or controlled drugs. Law enforcement agencies would apply for a judicial warrant for a sobriety checkpoint in a manner similar to application for a search warrant or administrative inspection warrant. The issuing municipal, district, or superior court justice would consider a variety of factors, to include the degree of intrusiveness of the proposed checkpoint, safety provisions, the relative effectiveness of such a checkpoint, the anticipated deterrent effect, and factors such as accident and DWI arrest statistics in the area in which the checkpoint would be conducted. The issuing justice would be required to make an express finding that the proposed checkpoint would be a reasonably effective means of detecting and apprehending impaired motorists, and that the public interest in DWI enforcement through this means would outweigh the intrusion visited upon the individual motorist. The bill incorporates a general notice requirement, calculated to achieve the maximum deterrent effect while not compromising the effectiveness of the checkpoint through disclosure of the precise location(s). The notice requirement would also have the salutary effect of minimizing apprehension on the part of motorists who are detained at the sobriety checkpoint. Also contained in the bill is the requirement of a return upon the warrant, as a means of recording the activity and productiveness of the sobriety checkpoint.

Having considered the memoranda of interested parties and the provisions of House Bill 196, as amended, the justices determine that their response to the questions presented requires neither detailed analysis nor an extended opinion. The undersigned conclude that checkpoint stops authorized in accordance with the provisions of House Bill 196, as amended, would not violate part I, article 19 of the New Hampshire Constitution and that the provisions of the Bill are consistent with the constitutional analysis contained in

*Koppel supra,* and accordingly answer the first question submitted in the negative.

In response to the second question submitted, it is the opinion of the undersigned that House Bill 196, as amended, is otherwise constitutional.

However, our response to the second question presented reflects the best review of the general law that we have been able to make in the time available to us. We therefore cannot guarantee that we have been able to address every possible issue that may be raised under article 19.

JOHN W. KING
DAVID A. BROCK
WILLIAM F. BATCHELDER
DAVID H. SOUTER
WILLIAM R. JOHNSON

May 1, 1986

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general), filed a memorandum in support of the constitutionality of HB 196.

*Howard and Gleason, P.A.,* of Henniker (*Peter S. Wright, Jr.*), filed a memorandum on behalf of the New Hampshire Civil Liberties Union in opposition to the constitutionality of HB 196.