Request of the Senate
No. 93-185

OPINION OF THE JUSTICES
(Limitation on Civil Actions)

June 1, 1993

262

The following Resolution No. 6, requesting an opinion of the justices, was adopted by the senate on March 11, 1993, and filed with the supreme court on March 26, 1993:

"Whereas, SB 112, 'An Act prohibiting a defendant in a sexual assault case from bringing certain civil actions against the victim,' which proposes to amend RSA 632-A by adding a new section prohibiting a defendant in a sexual assault case from bringing a civil action based upon statements or reports made by the victim in the sexual assault case which pertain to an incident from which the criminal action is derived, is pending before the Senate; and

"Whereas, the Senate in considering this proposed legislation is unsure and uncertain as to the constitutionality of the proposed limitations on civil actions; now, therefore, be it:

"Resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion on the following questions of law:

1. Does the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, deprive the defendant of access to the courts or other important substantive and procedural rights afforded by the guarantee of equal protection under the provisions of Article 14, Part I of the New Hampshire Constitution or the 5th and 14th Amendments of the United States Constitution?

2. Does the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, deprive the defendant of due process of law guaranteed by the provisions of Article 15, Part I of the New Hampshire Constitution or the 5th and 14th Amendments to the United States Constitution?

3. Does the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, violate the defendant's right to a complete and prompt remedy as guaranteed by the provisions of Article 14, Part I of the New Hampshire Constitution?

4. Is the procedure proposed by SB 112 otherwise permitted by the New Hampshire Constitution?

That the senate clerk transmit a copy of this resolution along with a copy of SB 112 to the Justices of the New Hampshire Supreme Court."

The following response is respectfully returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court now submit the following replies to your questions of March 11, 1993. Following our receipt of your resolution on March 26, 1993, we invited interested parties to file memoranda with the court on or before April 27, 1993.

SB 112 (the bill) proposes to amend RSA 632-A by inserting after section 10-a a new section to read:

"632-A:10-b Limitations on Civil Actions.

I. In this section 'victim' means a person alleging to have been subjected to aggravated felonious sexual assault as defined in RSA 632-A:2, felonious sexual assault, as defined in RSA 632-A:3 or sexual assault as defined in RSA 632-A:4. The term 'victim' shall include the parent, guardian, or custodian of such person if the person is less than 18 years of age or if the person is mentally incapable of meaningfully understanding or participating in the legal process.

II. A defendant in an aggravated felonious sexual assault, felonious sexual assault or a sexual assault case shall not commence or maintain a civil action against a victim of the crime for which the defendant is charged if both of the following circumstances exist:

(a) The criminal action is pending in a trial court of this state, of another state, or of the United States.

(b) The civil action is based upon statements or reports made by the victim that pertain to an incident from which the criminal action is derived.

III. The court shall dismiss without prejudice a civil action commenced or maintained in violation of paragraph II.

IV. The period of limitations for the bringing of a civil action described in paragraph II is tolled for the period of time during which the criminal action is pending in a trial court of this state, or another state, or of the United States.

V. This section shall not apply:

(a) If the victim files a civil action based upon an incident from which the criminal action is derived against the defendant in the criminal or disciplinary action; or

(b) The court determines that there are reasonable grounds to believe that the delay would be prejudicial."

■ Your first question asks whether "the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, deprive[s] the defendant of access to the courts or other important substantive and procedural rights afforded by the guarantee of equal protection under the provisions of Article 14, Part I of the New Hampshire Constitution or the 5th and 14th Amendments of the United States Constitution." We answer this question in the negative. Because we conclude that the level of scrutiny applied under the State Constitution differs from that under the Federal Constitution, we undertake separate analyses.

Part I, article 14 of the State Constitution provides:

"Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

The purpose of this provision is "to make civil remedies readily available, and to guard against arbitrary and discriminatory infringements on access to the courts." *Estate of Cargill v. City of Rochester*, 119 N.H. 661, 665, 406 A.2d 704, 706 (1979), *appeal dismissed*, 445 U.S. 921 (1980). This article "is basically an equal protection clause in that it implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination." *State v. Basinow*, 117 N.H. 176, 177, 371 A.2d 458, 459 (1977) (quotation omitted).

■ ■ "The first question in an equal protection analysis is whether the State action in question treats similarly situated per-

sons differently." *Appeal of Marmac*, 130 N.H. 53, 58, 534 A.2d 710, 713 (1987). The bill would prohibit a defendant charged with sexual assault from commencing a civil action against a victim of the alleged crime if the civil action is "based upon statements or reports made by the victim that pertain to an incident from which the criminal action is derived." The bill thereby divides the class of plaintiffs with civil actions into those plaintiffs who are also defendants accused of sexual assault and those plaintiffs who are not also defendants accused of sexual assault, and prohibits the former from bringing civil actions during the pendency of the criminal matter. In this manner the bill treats similarly situated plaintiffs differently. *See State v. LaPorte*, 134 N.H. 73, 76, 587 A.2d 1237, 1238–39 (1991).

██ ██ The next question, then, is whether this classification is permissible under the State Constitution. "Our constitution provides that all citizens have a right to the redress of their actionable injuries. N.H. CONST. pt. I, art. 14. These principles require that the substantive rights of plaintiffs to maintain actions in tort be accorded solicitous protection." *Gould v. Concord Hospital*, 126 N.H. 405, 409, 493 A.2d 1193, 1196 (1985). Statutory classifications restricting a right to recover for an injury, therefore, "must be reasonable, not arbitrary, *and* must rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *City of Dover v. Imperial Cas. & Indemn. Co.*, 133 N.H. 109, 116, 575 A.2d 1280, 1284 (1990) (quotation omitted); *see Henderson Clay Prod's, Inc. v. Edgar Wood & Assoc's, Inc.*, 122 N.H. 800, 801, 451 A.2d 174, 175 (1982); *Carson v. Maurer*, 120 N.H. 925, 932, 424 A.2d 825, 830–31 (1980).

██ Whether the bill satisfies this standard "depends upon whether the restriction of private rights sought to be imposed is not so serious that it outweighs the benefits sought to be conferred upon the general public." *Gould v. Concord Hospital*, 126 N.H. at 409, 493 A.2d at 1196 (quotation omitted); *see Kantner v. Combustion Engineering*, 701 F. Supp. 943, 949 (D.N.H. 1988). We note that the record before us contains no legislative history or insight into the legislature's purpose in proposing this bill. In order to respond to your inquiry in a meaningful manner, we must make some general assumptions regarding the purpose and operation of the legislation. In doing so, however, we are not "passing any judgment on the social policies in dispute. Our answers must necessarily be limited to the constitutional issues raised by your inquiries." *Opinion of the Jus-*

*tices*, 113 N.H. 205, 209, 304 A.2d 881, 884 (1973). "[T]he question of the wisdom and desirability of proposed legislation rests with the legislature, not the judiciary." *Opinion of the Justices*, 116 N.H. 351, 357, 358 A.2d 667, 672 (1976).

■■ We assume that a purpose of the legislation is to protect victims of sexual assault from additional burdens posed in defending a civil action while the criminal case is pending. This court has recognized the necessity of protecting the victim of a rape "from being subjected to unnecessary embarrassment, prejudice and courtroom procedures that only serve to exacerbate the trauma of the rape itself." *State v. Howard*, 121 N.H. 53, 57, 426 A.2d 457, 459 (1981) (affirming constitutionality of rape shield statute). If facts support a finding by the legislature that delaying the filing of a civil action against the victim of an alleged sexual assault serves to protect that victim from embarrassment and prejudice and thereby to preserve the cooperation of the victim in the prosecution of the criminal act, such facts support a determination that the bill has a fair and substantial relation to the object of the legislation.

■ The bill basically mandates a stay of the civil tort action pending the resolution of the criminal action. Critical to the fair application of this legislation is provision V(b), which states that "[t]his section shall not apply . . . [if] [t]he court determines that there are reasonable grounds to believe that the delay would be prejudicial." Although the provision does not specify that the delay prejudice the defendant, we presume that is its intent. The trial court thereby has the discretion to determine whether the interests of justice require the statute's application depending on the particular circumstances of a case. *See United States v. A Certain Parcel of Land, Moultonboro*, 781 F. Supp. 830, 833–34 (D.N.H. 1992); *Johns-Manville Sales Corp. v. Barton*, 118 N.H. 195, 198, 385 A.2d 118, 120 (1978). This procedural protection insures that the public benefit outweighs the "restriction of private rights sought to be imposed" by the bill. *Gould v. Concord Hospital*, 126 N.H. at 409, 493 A.2d at 1196. For these reasons, we conclude that the bill does not violate equal protection guarantees under the State Constitution.

■ Under the fourteenth amendment to the Federal Constitution, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). Based on the discussion above, the bill would satisfy this lesser standard of scrutiny.

■ Your second question asks whether "the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, deprive[s] the defendant of due process of law guaranteed by the provisions of Article 15, Part I of the New Hampshire Constitution or the 5th and 14th Amendments to the United States Constitution." We answer this question in the negative.

■ Part I, article 15 of the State Constitution provides that "[n]o subject shall be . . . deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." The phrase "law of the land" in this article means "due process of law." *State v. Denney*, 130 N.H. 217, 220, 536 A.2d 1242, 1243 (1987); *Riblet Tramway Co. v. Stickney*, 129 N.H. 140, 144, 523 A.2d 107, 109 (1987). The fifth amendment to the Federal Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Likewise, the fourteenth amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

■ The initial inquiry in determining whether a particular state action violates due process is whether there is a deprivation of liberty or property. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *City of Claremont v. Truell*, 126 N.H. 30, 36, 489 A.2d 581, 586 (1985). The bill delays the filing of a civil action but, by its express terms, does not deny that right. *Cf. Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. 549, 555–56, 608 A.2d 874, 879 (1992). Therefore, because an individual subject to the provisions of the bill is not irretrievably foreclosed from access to the courts and, for reasons stated in response to your first question, the temporary infringement on access to the courts is justifiable, there is no due process violation. *See Sosna v. Iowa*, 419 U.S. 393, 410 (1975).

Your third question asks whether "the procedure for limitation on civil actions brought by a defendant in a sexual assault case against the victim, as proposed in SB 112, violate[s] the defendant's right to a complete and prompt remedy as guaranteed by the provisions of Article 14, Part I of the New Hampshire Constitution." We answer this question in the negative.

■ "[T]he rights guaranteed by part I, article 14 are necessarily relative." *Estate of Cargill v. City of Rochester*, 119 N.H. at 665, 406 A.2d at 706 (citations and quotation omitted). "The article does not prohibit all impairments of the right of access to the

courts." *Id.* Reasonable regulations regarding the commencement of suits do not automatically violate the constitutional guaranty that justice will be administered promptly. The bill provides for a delay in the filing of a civil action but does not suggest that once allowed to proceed, the plaintiff will be prevented from obtaining a complete and prompt remedy. We note, however, that although the bill on its face does not violate part I, article 14, we do not rule out the possibility that the lapse of time inherent in extended litigation could rise to a constitutional violation in a given case.

"To the extent that article 14 is viewed as an equal protection clause, an analysis here would simply duplicate the one performed above" in response to your first question. *Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. at 555, 608 A.2d at 878. Accordingly, we conclude that the proposed bill does not violate article 14, and answer this question in the negative.

██ Your fourth question asks whether "the procedure proposed by SB 112 [is] otherwise permitted by the New Hampshire Constitution." We respectfully decline to answer this question because of its generality. *See Opinion of the Justices*, 131 N.H. 640, 644, 557 A.2d 273, 276 (1989).

██ "[S]ince requests for our advisory opinions come to us with no record beyond the assumptions stated in the requests themselves," *Opinion of the Justices*, 132 N.H. 777, 783, 584 A.2d 1342, 1346 (1990), we "cannot guarantee that we have been able to address every possible issue that may be raised under [the constitutional provisions at issue]." *Opinion of the Justices*, 128 N.H. 14, 17, 509 A.2d 744, 746 (1986).

DAVID A. BROCK
WILLIAM F. BATCHELDER
WILLIAM R. JOHNSON
W. STEPHEN THAYER, III
SHERMAN D. HORTON, JR.

June 1, 1993

*Jeffrey R. Howard*, attorney general (*Daniel J. Mullen*, senior assistant attorney general, on the memorandum), filed a memorandum in support of negative answers to questions one through three and an affirmative answer to question four.