**CHESHIRE MEDICAL CENTER**

v.

**W.R. GRACE & CO.; W.R. Grace & Co.—Conn.**

Civ. No. 88–516–D.

United States District Court,
D. New Hampshire.

July 8, 1991.

Michael P. Hall, Manchester, N.H., for plaintiff.

Richard V. Wiebusch, Manchester, N.H., for defendants.

ORDER

DEVINE, Chief Judge.

Presently before the court is plaintiff's motion for partial reconsideration[1] of the court's May 16, 1991, order, in which it granted portions of defendants' motion for summary judgment.

### Background

Plaintiff's suit alleges that defendants manufactured asbestos fireproofing that was incorporated into plaintiff's building between 1971 and 1972, that those products are hazardous and must be removed, and that defendants must pay for their removal.

Relevant to the instant motion are Counts III and IV, which allege breach of implied and express warranty, respectively. The court previously granted summary judgment on those counts because the record did not demonstrate that plaintiff had given defendant notice of the alleged breach prior to bringing suit, as required by state law.[2]

Based on the exhibits appended to plaintiff's present motion, it is quite clear that the required notice was given. Indeed, defendants do not dispute this fact. Instead, defendants point out that the deposition excerpts and documentation that plaintiff provides were available during the pendency of the summary judgment motion and argue that plaintiff may not now seek to set aside a judgment simply because it failed to present all of the facts known to it that might have been useful to the court when ruling on the motion.

Plaintiff acknowledges the prior existence of that evidence; however, it asserts that the posture of the summary judgment motion, wherein defendants argued, first, that the State of New Hampshire was the real party interest and, second, that the State (rather than plaintiff) failed to comply with the notice requirement, led to plaintiff's failure to inform the court of the notice.

### Discussion

■ It is beyond question that an unexcused failure to produce relevant evidence before the entry of judgment is sufficient reason for denial of a Rule 60(b) motion. *Lepore v. Vidockler*, 792 F.2d 272 (1st Cir. 1986).

■ Here, the court accepts plaintiff's reasoning that its notice to the defendant—as distinct from the State of New Hampshire's notice—was not so clearly put into issue by the summary judgment motion that the court should exclude the proffered evidence.[3]

### Conclusion

Plaintiff's motion for partial reconsideration of this court's May 16, 1991, order is granted; only that portion of the order dismissing Counts III and IV is vacated.

SO ORDERED.

---

1. Although plaintiff does not cite any specific rule under the Federal Rules of Civil Procedure, the court construes the motion as one for relief from judgment under Rule 60(b)(6), Fed.R. Civ.P., which provides for relief from judgment for "any other reason justifying relief from operation of the judgment." The court does not construe the instant motion as seeking relief pursuant to sections 1 through 5 of Rule 60(b), as none of the specific reasons for relief set forth in those sections are raised here.

2. New Hampshire Revised Statutes Annotated (RSA) 382–A:2–607(3) provides:

    (3) Where a tender has been accepted
    (a) the buyer must within a reasonable time after he discovers or should have discov-

ered any breach notify the seller of breach or be barred from any remedy. . . .

3. The court implicitly recognized plaintiff's position in its prior order (at footnote 5) when it stated:

    Consistent with its position that Cheshire is not the real party in interest, defendants' motion states that the "State" never gave the required notice. While the state's actions are not relevant here, absent even a bare allegation by plaintiff that it did give the notice, the warranty and restitution claims must fail.

As plaintiffs have pointed out, however, this finding was not entirely correct, as paragraphs 24 and 31 of the complaint contain allegations of timely notice.