Mitchell v. Curtin-Hebert Co.          CV-96-310-B    07/09/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Bryan and Susan Mitchell</u>

    v.                                              C-96-310-B

<u>Curtin-Hebert Co.</u>


**<u>MEMORANDUM AND ORDER</u>**


Bryan and Susan Mitchell seek damages from Curtin-Hebert Co. ("Curtin-Hebert") for injuries suffered by Mr. Mitchell while he was cleaning a metal buffing machine that his employer purchased from Curtin-Hebert. The Mitchells assert claims for strict liability in tort (Count I); negligence (Count II); breach of implied warranties of merchantability and fitness (Count III); breach of express warranty (Count IV); misrepresentation (Count V); violation of New Hampshire's consumer protection statute, N.H. Rev. Stat. Ann. § 358-A (1995) (Count VI); enhanced damages (Count VII); and loss of consortium (Count VIII).

Curtin-Hebert moves to dismiss the Consumer Protection Act count (Count VI) and the breach of warranty counts (Counts III and IV) based on the applicable statutes of limitations. It also argues that the misrepresentation count (Count V) should be dismissed pursuant to Fed. R. Civ. P. 9(b) because the Mitchells have failed to plead fraud with particularity. For the reasons

that follow, I dismiss the Consumer Protection Act count but grant the Mitchells additional time to correct deficiencies in the remaining counts through an amended complaint.

## I.  **The Complaint**

According to the Mitchells' complaint,[1] Mr. Mitchell was injured at his place of employment on September 5, 1995 while he was cleaning a buffing machine which his employer, Polyclad Laminates, Inc., had purchased from Curtin-Hebert.  In addition to strict liability and negligence counts, the Mitchells claim that Curtin-Hebert broke its implied and express warranties of merchantability and fitness, and the express warranty arising from advertisements claiming that the buffing machine was safe to use in its purchased condition.  The complaint also alleges that Curtin-Hebert made misrepresentations upon which Mr. Mitchell relied, including misleading claims that the machine was safe, fully tested, and suited for a particular use.  The Mitchells also assert that Curtin-Hebert violated N.H. Rev. Stat. Ann. § 358-A, New Hampshire's Consumer Protection Act, by asserting that the machine was of a particular standard, quality or grade, when, in fact, it was not.  Finally, the Mitchells ask for enhanced

---

[1]  Reviewing the Mitchells' complaint under Fed. R. Civ. P. 12(b)(6), I construe it in the light most favorable to them, accepting all material allegations as true, with dismissal granted only if no set of facts entitles the Mitchells to relief. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

damages based on Curtin-Hebert's alleged wanton, malicious, reckless, and grossly negligent conduct.

## II. <u>DISCUSSION</u>

### A. <u>Count VI — Consumer Protection Act</u>

Curtin-Hebert argues that Count VI, alleging a violation of New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A, should be dismissed because the act exempts transactions which occurred more than two years prior to the filing of a lawsuit. The Mitchells' complaint does not allege the date that Polyclad Laminates purchased Curtin-Hebert's machine, but Curtin-Hebert has attached a packing slip to its motion to dismiss which indicates that the machine was shipped to Polyclad Laminates on March 19, 1981.

Ordinarily, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993). The First Circuit, however, has made narrow exceptions for documents whose authenticity is not in dispute, for public records, for documents central to plaintiffs' claim, or for documents sufficiently referred to in the complaint. <u>Id.</u>; <u>Romani v. Shearson Lehman Hutton</u>, 929 F.2d 875, 879 n.3 (1st Cir. 1991). This case falls under the first exception, for the Mitchells do not dispute that the buffing machine in this case was sold by Curtin-Hebert to Polyclad

Laminates in 1981.

Instead, the Mitchells argue that they are entitled to discovery in order to develop a fraudulent concealment theory, an equitable doctrine which can toll a statute of limitations. Even if I treated Curtin-Hebert's motion as one for summary judgment, however, discovery would not be warranted under Fed. R. Civ. P. 56(f), for the Mitchells' Consumer Protection Act claim would be time barred even if they could show that Curtin-Hebert fraudulently concealed the Consumer Protection Act claim.

Prior to 1997, the Consumer Protection Act provided that a claim based upon the Act must be brought within two years of the underlying transaction. N.H. Rev. Stat. Ann. § 358-A:3, IV-a (1995). Because this provision has been construed as an exemption rather than a statute of limitations, the provision "forecloses application of the usual rules for tolling of statutes of limitations, i.e., the discovery and fraudulent concealment rules." Zee-Bar, Inc. N.H. v. Kaplan, 792 F. Supp. 895, 901-02 (D.N.H. 1992) (expressly adopted by Catucci v. Lewis, 140 N.H. 243, 244-45 (1995)).

The Consumer Protection Act was recently amended to allow claims for "[t]ransactions entered into more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation of this chapter." N.H. Rev. Stat. Ann. § 358-A:3, IV-a (effective January 1, 1997). The Mitchells argue that this amendment applies to their claim, which they did not discover until Mr. Mitchell's accident. I reject

-4-

their argument.  Absent clear evidence to the contrary, New Hampshire law presumes that statutes are intended to operate prospectively.  Harris v. Adams, 123 N.H. 167, 170 (1983).  This presumption is especially strong in cases such as this one, where retroactive application of the new statute would potentially expose all past consumer transactions to lawsuits.  Cf. Gould v. Concord Hosp., 126 N.H. 405, 408 (1985)(claim barred by statute of limitations cannot be revived by a new law extending the limitations period); Woart v. Winnick, 3 N.H. 473, 479 (1826) (Pt. 1 Art. 23 of New Hampshire Constitution prohibits enforcement of any new law that "creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.").  Here, the Mitchells' right to assert a consumer protection claim expired in 1983.  The 1997 amendment to the Consumer Protection Act cannot now bring it back to life.  For these reasons, I grant Curtin-Hebert's motion to dismiss Count VI of the Mitchells' complaint.

### B.  Count V — Misrepresentation

In cases alleging fraud or mistake, "heightened pleading" is required whereby the plaintiff must state the circumstances of fraud or mistake with particularity.  Fed. R. Civ. P. 9(b).  The First Circuit has held that "in a general fraud case, Rule 9 'requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred.'" New England Data Services, Inc. v. Becher, 829 F.2d 286, 288 (1st

Cir. 1987) (quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980)).  A complaint that merely sets forth a general averment of a defendant's "knowledge" of material falsity will be insufficient, unless accompanied by specific factual allegations leading to a reasonable belief that the defendant knew that a statement was materially false or misleading.  Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1223-24 (1st Cir. 1996); Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992).  Furthermore, allegations based upon "information and belief" do not satisfy the requirements of Rule 9(b) unless they also set forth the facts upon which that belief is founded. Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 13-14 (1st Cir. 1984).  This is true even when the supporting facts are "peculiarly within the knowledge of the opposing party," for Rule 9(b) "does not permit a complainant to file suit first, and subsequently to search for a cause of action."  Hayduk v. Lanna, 775 F.2d 441, 443-44 (1st Cir. 1985) (citations and quotations omitted).

Under the standard described above, the Mitchells' complaint clearly fails to allege Count V with the requisite particularity.[2]  It neither specifies the time nor the place or manner of alleged misrepresentations and describes their content in only the most general terms.  In addition, the Mitchells' complaint only generally avers that Curtin-Hebert knew the

_____

[2] Because Count VII (Enhanced Damages) is based on the Misrepresentation count, it rises and falls with it as well.

-6-

material falsity of its statements, and never attempts to allege specific facts that could give rise to a reasonable belief that Curtin-Hebert knew that statements it made were, at the time, materially false or misleading. However, I will give the Mitchells an opportunity to correct the deficiency through amendment before dismissing their claim.

## C.    <u>Counts III & IV — Breaches of Warranties</u>

Counts III and IV allege that Curtin-Hebert broke implied and express warranties of merchantability, fitness, and safety. Curtin-Hebert has responded with a motion to dismiss based on the statute of limitations, again relying on the packing slip attached to its motion.[3]  The Mitchells respond that the doctrine of fraudulent concealment equitably tolls the statute of limitations and that they are entitled to further discovery to determine whether Curtin-Hebert fraudulently concealed their causes of action. Unlike for Count VI, alleging a violation of New Hampshire's Consumer Protection Act, fraudulent concealment will serve to toll the statute of limitations in an action for breach of contract for sale. N.H. Rev. Stat. Ann. § 382-A:2-725 (4) (1994); <u>Cheshire Med. Ctr. v. W. R. Grace & Co.</u>, 764 F. Supp. 213, 217 (D.N.H.), <u>vacated in part on other grounds</u>, 767 F. Supp. 396 (D.N.H. 1991).  However, facts giving rise to a claim of fraudulent concealment, once raised, must be pled with

---

[3]  A breach of warranty contract claim must be brought "within four years after the cause of action has accrued," which occurs "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.H. Rev. Stat. Ann. § 382-A:2-725(1) and (2) (1994).

particularity under Rule 9(b).  J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1255 (1st Cir.), cert. denied, 117 S. Ct. 81 (1996).

The Mitchells have not attempted to plead fraudulent concealment with the requisite particularity.  Instead, they have merely asserted in their objection to Curtin-Hebert's motion to dismiss that Curtin-Hebert knew or should have known its product was unsafe and that Curtin-Hebert kept this information from potential consumers.  Nevertheless, I will give the Mitchells an opportunity to amend their complaint to correct this deficiency. See Hayduk, 775 F.2d at 445 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir. 1986) (finding trial court abused its discretion in dismissing claim under Rule 9(b) without granting leave to amend).

### D.    The Appropriateness of Further Discovery

Having determined that Counts III, IV, and V fail to satisfy the requirements of Rule 9(b), I must now decide whether further discovery is appropriate before the Mitchells are required to amend their complaint.  New England Data, 829 F.2d at 290; Boyle v. Merrimack Bancorp, Inc., 756 F. Supp. 55, 60 (D. Mass. 1991). Two competing interests inform any analysis of the appropriateness of allowing discovery after a litigant fails to meet the specificity requirements of Rule 9(b).  On the one hand, allowing a plaintiff "to proceed with discovery on the basis of . . . purely speculative allegations of fraud would be to issue a license for a 'fishing expedition' in uncharted waters."  Wayne

<u>Inv.</u>, 739 F.2d at 14.  Rule 9(b) requires more, impelling the conclusion that a complaint alleging fraud "should only be filed after a wrong is reasonably believed to have occurred . . . [and] should be a vehicle to right a wrong, not to find one."  <u>Banco de Desarrollo Agropecuario, S.A. v. Gibbs</u>, 640 F. Supp. 1168, 1176 (S.D. Fla. 1986) (as quoted in <u>New England Data</u>, 829 F.2d at 290).

On the other hand, "when the opposing party is the only practical source for discovering the specific facts supporting a pleader's conclusions, less specificity of pleading may be required pending discovery."  <u>Boston & Maine Corp. v. Town of Hampton</u>, 987 F.2d 855, 866 (1st Cir. 1993).  For example, in RICO cases, courts must permit a plaintiff a meaningful opportunity for discovery before dismissing a complaint for a failure to plead predicate acts of mail or wire fraud with particularity. <u>New England Data</u>, 829 F.2d at 292.

In this case, the plaintiffs have not presented enough information to demonstrate that further discovery would be fruitful.  The Mitchells claim that the relevant information they need to specifically plead misrepresentation is solely within Curtin-Hebert's control.  This assertion, however, is wholly conclusory, and I am unable to determine if it is based on a reasonable belief or upon any factual basis.  See <u>Craftmatic Sec. Litig. v. Kraftsow</u>, 890 F.2d 628, 645 (3d Cir. 1989) ("[E]ven under a non-restrictive application of [Rule 9(b)], pleaders must allege that the necessary information lies within defendants'

-9-

control, and their allegations must be accompanied by a statement of the facts upon which the allegations are based."); Greenstone, 975 F.2d at 25. The Mitchells have also not presented any detail as to precisely what discovery is sought, from whom, and the "good faith basis for believing that such. . . discovery will uncover probative evidence." Boyle, 756 F. Supp. at 59. Until they do so, I cannot determine the efficacy of allowing additional discovery before granting or denying a motion to amend.

### III.   CONCLUSION

For the forgoing reasons, Curtin-Hebert's motion to dismiss (document no. 5) is granted with respect to Count VI, and denied without prejudice as to Counts III, IV, V, and VII. The Mitchells have 30 days to file a detailed discovery plan demonstrating their good faith basis for believing that further discovery will uncover probative evidence necessary for them to amend their complaint. After reviewing this plan, I will determine whether the Mitchells will be permitted to engage in discovery before being required to amend their complaint.

SO ORDERED.

_____
Paul Barbadoro
United States District Court

July 9, 1997

cc:  Edward B. Mulligan, IV, Esq.
     Nicholas K. Holmes, Esq.

-10-